728 F.2d 254
 AMERICAN TRUCKING ASSOCIATIONS, INC., et al., Petitioners,
v.
INTERSTATE COMMERCE COMMISSION and United States of America,
Respondents.
 No. 81-4026.
 United States Court of Appeals,
Fifth Circuit.*
 March 14, 1984.
 
 William French Smith, Atty. Gen., Mark Evans, Gen. Counsel, Robert J. Grady, I.C.C., Kenneth P. Kolson, Robert B. Nicholson, App. Sec., Antitrust Div., Dept. of Justice, Washington, D.C., for respondents.
 
 
 1
 Serby & Mitchell, P.C., Alan E. Serby, Atlanta, Ga., for Brannan, Owen, Refrigerated.
 
 
 2
 Brooks & Matthews, Hugh T. Matthews, Dallas, Tex., for Steere.
 
 
 3
 Perry, Crockett, Morrison & Starling, Donald B. Morrisson, Jackson, Miss., for Merchants.
 
 
 4
 Kenneth E. Siegel, Washington, D.C., for American and Red Arrow, Merchants Truck and Steere.
 
 
 5
 Robinson, Felts, Starnes & Latting, P.C., Phillip Robinson, Austin, Tex., for Central, Great Western, Miller, and SAIA.
 
 
 6
 Phinney, Hallman, Pulley & Coke, Leroy Hallman, Dallas, Tex., for Frozen, Southwestern.
 
 
 7
 Alan F. Wohlstetter, Stanley I. Goldman, Washington, D.C., for Aero Mayflower et al.
 
 
 8
 James M. Doherty, Austin, Tex., for Rose Truck Line et al.
 
 
 9
 Eugene C. Ewald, Bloomfield Hills, Mich., for Nat. Auto. Transporters.
 
 
 10
 Dennis Dean Kirk, Washington, D.C., for Specialized Carriers.
 
 
 11
 Angelo V. Arcadipane, Washington, D.C., for North American Van Lines, inc.
 
 
 12
 On Petition for Civil Contempt Sanctions.
 
 
 13
 Before RUBIN, RANDALL and TATE, Circuit Judges.
 
 BY THE COURT:
 
 14
 Civil contempt is coercive rather than punitive. It is intended to make a recalcitrant party comply with an affirmative command of the court. Jones v. Louisiana State Bar Association, 602 F.2d 94 (5th Cir.1979). The petitioner has not made a sufficient showing that such coercion is now appropriate, particularly in view of the ICC's response dated March 7. Therefore, both of the motions to cite for contempt are DENIED without prejudice to a similar motion should the ICC fail to issue final rules by April 10, 1984.
 
 
 
 *
 Former Fifth Circuit case, Section 9(1) of Public Law 96-452, October 14, 1980