Bruce Grant BONAVENTURE, Custodian and Guardian for Minor Children, Grant Bonaventure, II and Lynne Bonaventure, Plaintiffs-Appellants,

v.

C. Victor BUTLER et al.,
Defendants-Appellees.

No. 78–2466
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 20, 1979.

Bruce Grant Bonaventure, pro se.

Winderweedle, Haines, Ward, & Woodman, J. P. Carolan, III, Winter Park, Fla., for Winter Park Fed. Saving & Loan.

Pitts, Eubanks, Ross & Rumberger, W. Lane Neilson, Orlando, Fla., for C. Victor Butler, Skolfield, Gilman, Cooper, Nichols & Tatich.

Carlton, Fields, Ward, Emanuel, Smith, & Cutler, Robert J. Pleus, Jr., Orlando, Fla., for Don Asher Assoc.

1972 and 1973 after Thomas successfully challenged the sufficiency of the first cotton indictment in 1975.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

Bonaventure filed a suit in federal district court alleging that various defendants had conspired to defraud him in a real estate transaction. The district court dismissed his suit with prejudice because his complaint was incomprehensible and because he had failed to comply with the court's discovery order. We affirm.

 Bonaventure contends that the district court erred in dismissing his suit with prejudice. Among the sanctions available to a district court under Federal Rule of Civil Procedure 37(b) for failure to comply with discovery is dismissal of the action with prejudice. Although our task in reviewing a sanction imposed under Rule 37(b) is to determine whether the district judge abused his discretion in ordering the sanction, we have noted before that a district judge should use the draconian remedy of dismissal with prejudice only in extreme circumstances. *Griffin v. Aluminum Co. of America*, 564 F.2d 1171, 1172 (5th Cir. 1977). Deliberate, repeated refusals to comply with discovery orders have been held to justify the use of this ultimate sanction. *E. g., Emerick v. Fenick Industries, Inc.*, 539 F.2d 1379 (5th Cir. 1976); *Durgin v. Graham*, 372 F.2d 130 (5th Cir. 1969).

The defendants here first attempted to depose Bonaventure on June 28, 1977, but he failed to appear. The defendants filed a motion for sanctions under Rule 37(b). When the deposition was rescheduled for August 15, 1977, Bonaventure filed a motion for a protective order. The deposition was then rescheduled for September 23, 1977, and Bonaventure again moved for a protective order. After denying Bonaventure's motions, the district judge ordered him to appear for a deposition on October 27, 1977. Bonaventure failed to appear on this date, contending that his impecunity prevented him from traveling to the site of the deposition. The district judge then dismissed his suit with prejudice. In light of Bonaventure's repeated deliberate refusals to appear for the deposition, the district court did not abuse its discretion in dismissing the suit.[1]

During the course of the pretrial proceedings, the clerk of the district court entered a default against one of the defendants in the case, the Diocese of Orlando. Subsequently Bishop Grady of the Diocese moved to set aside the default on the grounds that the Diocese was not a sueable entity and that the Bishop had not been properly served. The district court accepted the Bishop's arguments. Bonaventure contends that the district court erred in setting aside the default. He is wrong. Federal Rule of Civil Procedure 55(c) provides that for good cause shown the clerk's entry of default may be set aside by the court. Lack of a sueable entity is such good cause. Moreover, Bonaventure was not prejudiced by the order vacating the default since he was permitted to amend his complaint to name the Bishop of the Diocese as a defendant in his lawsuit.

AFFIRMED.

---

1. Since we have concluded that the district court did not abuse its discretion in ordering dismissal for failure to comply with discovery orders, we need not reach and do not decide whether the manner in which Bonaventure's complaint was drafted also justified dismissal with prejudice.