**Ava K. JONES, Plaintiff-Appellant,**

v.

**LOUISIANA STATE BAR ASSOCIATION et al., Defendants-Appellees.**

**Nos. 78–1392, 78–1913
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 10, 1979.

Rehearing Denied Oct. 25, 1979.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Ava K. Jones, pro se.

Badeaux, Discon & Cumberland, Carl J. Barbier, James Hanemann, Jr., New Orleans, La., for Poitevent and defendants-appellees.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

This appeal requires us to consider only two issues: (1) whether the District Court abused its discretion by dismissing Appellant's claim, and (2) whether the District Court properly cited Appellant for contempt. We affirm the District Court's actions without considering the merits of Appellant's claim.

Appellant sat for the July 1977 Louisiana bar examination. When she received notice that she failed the examination, Appellant filed a civil rights action. She alleged that she was assigned a failing grade because of her well-publicized activities as an exotic snake dancer and sought declaratory, injunctive, and monetary relief. In her complaint, Appellant further alleged that after being notified of her failure she telephoned Appellee Poitevent, a one-time member of the Committee on Bar Admissions of the Louisiana Bar Association. During that conversation, she threatened suit and Appellee Poitevent, allegedly replied, "Don't threaten me, or I'll see to it that you *never* pass." This alleged conversation, Appellant urged, supported the theory of her complaint that the grading was not in fact anonymous so that it was possible to single-out her examination for prejudicial handling.

After Appellees received an extension of time in which to file an answer, what proved to be a long series of attempts to

depose Appellant began. Appellant's deposition initially was scheduled for December 6, 1977, but on December 5, she moved to quash. The deposition was temporarily delayed, but after a hearing the motion was denied and the deposition was rescheduled for December 13. On December 13, Appellant failed to appear, so the deposition was rescheduled again for December 21. On both December 21 and 28, the deposition of Appellant actually began, but had to be terminated before completion due to Appellant's illness. January 10, 1978, was the next date scheduled for Appellant's deposition, but Appellant again failed to appear.

During the completed portion of her deposition testimony, Appellant admitted that she had tape recorded her telephone conversation with Appellee Poitevent and had made handwritten notes shortly afterwards. Initially, Appellant agreed to produce the recording and the notes, but then she refused to do so. On January 11, 1978, the District Court, after hearing arguments, denied Appellant's motion for a preliminary injunction. In addition, the District Court ordered Appellant to produce the recording, the recorder and her notes of the conversation. The District Court explicitly warned her that sanctions would be imposed if she failed to comply with the order. At this hearing, Appellant did not indicate that she had any objection to complying with the order.

On January 13, the day set in the District Court's order for Appellant to produce the requested items, Appellant filed a motion with a Magistrate to quash the District Court's production order. The Magistrate held a hearing that same morning. Upon learning that the District Court had previously ordered production, the Magistrate declined to rule on the motion. That afternoon, Appellant and her attorney appeared in the District Court's chambers for her deposition. She refused to comply with the production order. At this point, the parties appeared before the District Court. The requested items again were ordered produced and Appellant was warned pointedly that her suit would be dismissed and she would be held in contempt if she failed to comply. The District Court allowed Appellant one hour to confer with her attorney. Apparently, the District Court understood her to say, in a stage whisper, that she still would not produce the requested items and would use the hour to take her story to the press.

At the end of the hour, Appellant returned to court and announced that she considered the items privileged and protected under the Fourth Amendment. The District Court heard counsels' arguments, dismissed the suit, and held Appellant in criminal contempt. Several weeks later, the District Court imposed on Appellant costs and attorneys' fees of one hundred and fifty dollars and a contempt fine of one hundred dollars.

Most of Appellant's brief is devoted to the merits of the dismissed suit. As Appellees so rightfully point out, however, we need only review the dismissal of the suit and the finding of criminal contempt.

▰ It is clear that Fed.R.Civ.P. 37(b)(2)(C) empowers the District Court to dismiss a complaint when a party refuses to obey a valid discovery order. On appeal, the question is not whether this Court would have acted similarly but whether the District Court abused its discretion. *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). Previous cases decided by this Court have noted that the District Court's discretion under Rule 37 is broad but not unlimited. Dismissal with prejudice, a "sanction of last resort," will not be upheld if the noncompliance, even if repetitive, is due to inability rather than to willfulness, bad faith, or disregard of the party's responsibilities. *Emerick v. Fenick Industries, Inc.*, 539 F.2d 1379, 1381 (5th Cir. 1976). *See also Societe International v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958); *Bonaventure v. Butler*, 593 F.2d 625 (5th Cir. 1979); *In re Liquid Carbonic Truck Drivers Chemical Poisoning Litigation*, 580 F.2d 819 (5th Cir. 1978); *Factory Air Conditioning Corp. v. Westside Toyota, Inc.*, 579 F.2d 334 (5th Cir.

1978). In reviewing the District Court's exercise of discretion, one concern is whether a less drastic, but equally effective, remedy could have been fashioned. *Diaz v. Southern Drilling Co.*, 427 F.2d 1118, 1126–27 (5th Cir.), *cert. denied, Trefina, A. G. v. U. S.*, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970). Here, the only other Rule 37 remedy the District Court could have applied in these circumstances would have been prohibiting Appellant from using the tape recording in evidence and/or striking all reference to the alleged conversation from Appellant's pleadings. Fed.R.Civ.P. 37(b)(2)(B) and 37(b)(2)(C). In view of Appellant's deliberately obstructive conduct, however, we hold that the District Court did not abuse its discretion by ordering the more severe remedy of dismissal. Our review of this record convinces us that the District Court here was faced with the sort of repeated refusal to comply with a valid order which calls for dismissal.

Appellant also challenges the District Court's imposition of a one hundred dollar fine after holding Appellant in criminal contempt. A citation for criminal contempt is within the District Court's authority under Fed.R.Civ.P. 37(b)(1) and 37(b)(2)(D). *See Southern Railway Co. v. Lanham*, 403 F.2d 119, 125 (5th Cir. 1968). While *civil* contempt is "wholly remedial" and aimed at coercing compliance with a court order, *criminal* contempt is punitive and is imposed for conduct which affronts the honor and dignity of the court. *Id.* at 124–25.

Naturally the order which Appellant disobeyed must have been a valid one in order for this punishment to be justified. Appellant never has offered any nonfrivolous reason why the items ordered produced were not discoverable. Since Appellant relied heavily on Appellee Poitevent's alleged threat in urging that the examinations were not really graded anonymously, the requested items were relevant. Fed.R. Civ.P. 26(b)(1).

The conduct which authorized the District Court to dismiss Appellant's suit also justified the contempt citation. Rather than acting hastily or without provocation, the District Court showed extreme patience in the face of Appellant's obstreperous behaviour. The District Court repeatedly warned Appellant of the possible consequences of her continued failure to obey discovery orders. Before citing Appellant with contempt, the District Court allowed her to confer with her attorney. Yet, she persisted in her disobedience. In view of Appellant's entire course of conduct throughout the discovery portion of this lawsuit, the citation for contempt was not an abuse of discretion.

For the foregoing reasons, we affirm the dismissal of the lawsuit and the contempt citation.

AFFIRMED.