Rose v. **BATSON, Plaintiff-Appellant,**

v.

**NEAL SPELCE ASSOCIATES, INC.,**
**Defendant-Appellee.**

No. 84–1841.

United States Court of Appeals,
Fifth Circuit.

July 18, 1985.

Bunton, Nolan, Ode & Cooper, Connie Ode, Austin, Tex., for plaintiff-appellant.

McGinnis, Lochridge & Kilgore, Brook Bennett Brown, Rick Harrison, Austin, Tex., for defendant-appellee.

Before GOLDBERG, TATE and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this appeal we consider whether the district court abused its discretion in dismissing a civil rights plaintiff's complaint with prejudice and assessing over $30,000 in attorney's fees and costs for failure to comply with a discovery order. We hold that sanctions were appropriate but that the district court abused its discretion in this instance by the severity of those imposed. Accordingly, we remand for a reconsideration and reassessment of sanctions in the light of this opinion.

## I

Rose V. Batson (Batson), the appellant, filed suit on March 8, 1983, in district court against her former employer, Neal Spelce Associates, Inc. (Spelce), alleging that her dismissal from employment was based upon sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Batson sought recovery of lost wages in the amount of $32,500 per year plus bonuses, benefits and attorney's fees. Spelce denied any unlawful discrimination and counterclaimed alleging that the suit was frivolous and had been brought solely for harassment purposes.

In preparation for trial, Spelce sought to depose Batson on April 12, 1983. Included in Spelce's deposition notice was a request, accompanied by a subpoena duces tecum, for the production of documents, most of which were intended to reveal Batson's income and financial activities in the years after her dismissal. Although Batson attended the deposition she did not produce all of the requested documents nor did she move for a protective order prior to the deposition. She assured Spelce, however, that the documents would be forthcoming. After the deposition, Spelce repeatedly made informal demands to Batson, most in the form of letters, seeking the financial records. In response to these demands Batson produced some of the documents and assured Spelce that others would be forthcoming in the near future.

All the documents were not produced, however, and Spelce, on February 27, 1984, noticed its intent to resume Batson's deposition on March 30. On March 9, Spelce served on Batson an amended notice of deposition; both the February 27 and March 9 notices were accompanied by subpoenaes requesting production of the same financial documents that had been requested in Batson's initial deposition, but had yet not been produced after some ten months.

Batson attended the deposition on March 30 as scheduled; but still she did not produce all of the requested financial documents and, for the first time, claimed that they were privileged. At the close of the deposition, Spelce noticed its intent to resume discovery on April 7, and again requested Batson's financial records. Batson then filed a motion to quash the document request, but the district court failed to rule on the motion prior to April 7. Batson attended the deposition but refused to produce the documents, hanging onto her claim of privilege.

On April 9, the district court overruled Batson's motion to quash and ordered her to produce all documents not yet produced. The court's order, however, did not specify a compliance date nor did it recite that sanctions would be imposed for failure to

comply. Upon Batson's failure to comply upon request, Spelce, on April 12, filed a motion for sanctions. The same day Batson partially, but only partially, complied with the court's order. The trial was to begin April 18; but on April 18, before the trial commenced, the district court conducted a hearing on Spelce's motion for sanctions and did the court ever "sanctify" Ms. Batson: it dismissed her complaint with prejudice, and awarded Spelce $30,950.93 in attorney's fees and costs.

The court found that Batson's failure to produce was not because of her inability to produce. Furthermore, it found that the nonproduction severely prejudiced Spelce's ability to prepare its case. The court held that the dismissal of Batson's claim was authorized by Fed.R.Civ.P. 37(b) and (d) because of Batson's recalcitrance or gross neglect in complying with proper discovery requests, including a violation of the court's April 9 order and its previous order that discovery be completed by December 1, 1983. The court awarded the attorney's fees, deposition costs and witness fees in connection with the following items of the litigation: the second and third depositions of Batson; the deposition of Batson's husband; the defense of Batson's motion to quash the deposition of Batson's psychiatrist; the April 7 deposition of Batson; and the preparation and argument of Spelce's motion for sanctions. The award of attorney's fees and costs was based on Fed.R. Civ.P. 37 and 26, 28 U.S.C. § 1927 and decisions of the United States Supreme Court.[1] Batson timely appeals.

## II

The sole issue on appeal is whether the district court abused its discretion in sanctioning Batson by dismissing her complaint and awarding Spelce attorney's fees and costs. In resolving this issue, we first consider whether the sanction of dismissal was appropriate.

## III

### A.

■ It is firmly established that a district court is authorized under Fed.R.Civ.P. 37(b)(2)(C) to dismiss a complaint with prejudice when a party refuses to obey a valid discovery order. *National Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976); *Jones v. Louisiana State Bar Association*, 602 F.2d 94, 96 (5th Cir.1979) (per curiam). In reviewing a dismissal by the district court, our duty is to decide not whether we would have dismissed the action as an original matter, but whether the district court abused its discretion in so doing. *National Hockey League*, 427 U.S. at 642, 96 S.Ct. at 2780; *Jones*, 602 F.2d at 96.

■ In determining whether a district court abused its discretion, our precedent has addressed a number of considerations. First, dismissal is authorized only when the failure to comply with the court's order results from wilfulness or bad faith, and not from the inability to comply. *National Hockey League*, 427 U.S. at 640, 96 S.Ct. at 2779; *see also Marshall v. Segona*, 621 F.2d 763, 767 n. 8 (5th Cir.1980). Next, dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. *Marshall*, 621 F.2d at 768. Another consideration is whether the other party's preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders. *Marshall*, 621 F.2d at 768; *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir.1978).

---

1. Without elaboration, the district court cited *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973);

and *Toledo Scale Co. v. Computing Scale Co.,* 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719 (1923) as support for its award of attorneys fees.

Here, the district court expressly found that Batson's failure to produce was not the result of inability, and that Spelce's preparation for trial was substantially prejudiced. Because there is substantial evidence in the record to support these findings, we hold that they are not clearly erroneous. Batson, however, argues that she should be excused for failing to comply because the court's order was confusing. She specifically notes that the order did not contain a compliance date and did not recite that sanctions would be imposed for failure to comply. Batson's contention is unconvincing. Since the court's order was issued approximately one week before trial, Batson should have been aware that compliance was required before the April 18 trial date. Similarly, although the court's order did not recite that sanctions would follow a refusal to comply, it is universally understood that a court's orders are not to be wilfully ignored, and, certainly, attorneys are presumed to know that refusal to comply will subject them and their clients to sanctions. In conclusion, we are free from doubt that sanctions were appropriate in this case.

A more difficult question, however, is whether the district court abused its discretion in choosing the sanction of dismissal with prejudice. Although the district court's discretion under Rule 37 is broad, we have repeatedly emphasized that it is not unlimited, and we have often characterized a dismissal with prejudice as a "draconian" remedy, or a "remedy of last resort" only to be applied in extreme circumstances. *See, e.g., Marshall,* 621 F.2d at 767; *Jones,* 602 F.2d at 96; *Bonaventure v. Butler,* 593 F.2d 625, 626 (5th Cir.1979) (per curiam). Nevertheless, we are mindful of the Supreme Court's admonition regarding the natural tendency of reviewing courts, employing hindsight, to be heavily influenced by the severity of outright dismissal of an action as a discovery sanction. *National Hockey League,* 427 U.S. at 642, 96 S.Ct. at 2780.

In *National Hockey League,* the plaintiff failed to timely answer written interrogatories even after the district court had entered an order compelling discovery. The court of appeals reversed the district court's dismissal of the action holding that there was insufficient evidence to support a finding of bad faith. In reaching its decision, the court of appeals relied upon several "extenuating factors," including the following: (1) none of the parties had really pressed discovery until approximately one year after the commencement of the action; (2) the plaintiff's counsel took over the litigation after a consent decree was entered and had difficulty in obtaining some of the requested information; and (3) plaintiff's lead counsel had assured the district court that he would not knowingly and wilfully disregard the final deadline. 427 U.S. at 640–41, 96 S.Ct. at 2779–80. In reinstating the district court's dismissal of the action, the Supreme Court held that these sorts of considerations, while important to evaluate and weigh, cannot be allowed *wholly* to supplant the other and equally necessary considerations embodied in Rule 37. *Id.* at 642, 96 S.Ct. at 2780.

With *National Hockey League* setting our pitch, we find no abuse of discretion in the district court's refusal to accept Batson's proffered explanations for her conduct. Furthermore, the court could have properly determined, as it did, that Batson's conduct was so flagrant as to justify severe sanctions. *On the date of trial,* Batson had failed to produce documents that were initially requested almost one year before, a request repeated many times. The documents, record accounts to prove the claim basic to her lawsuit—lost income—were absolutely necessary to defend against her demand for damages. Her failure to produce was in direct violation of the district court's express order and, of course, severely impaired Spelce's ability to defend against Batson's damage claim. Batson's arguments that she was unable to collect the documents from her accountant and that she would have produced them if given another chance, are neither compelling nor persuasive in the light of her past unkept promises.

■ Despite this flagrant conduct, there is nevertheless an absence in the record of any consideration by the district court of whether a less drastic sanction would have equally furthered the important deterrent aspect of Rule 37. Without explicit findings on this critical element, it is difficult to determine whether the court was within its discretion by choosing the ultimate sanction of dismissal.[2] We do not enumerate or suggest other alternatives, but simply note that as far as the record demonstrates, no sanctions less than dismissal were even considered. It is appropriate to caution here that the conduct of litigants such as Batson will not be condoned and district courts should be free to fashion any sanction appropriate to punish recalcitrant parties and to deter those similarly situated. The district court, upon remand, may very well consider other sanctions and articulate valid reasons why such would not suffice; thus, our remand might appear superfluous. Because we must remand to the district court on other grounds, however, judicial economy will not be disserved by our remanding for such articulation in this instance.

## B.

■ We turn now to consider whether the district court abused its discretion in assessing over $30,000 in attorney's fees and costs against Batson for failing to comply with the court's discovery order. Under Rule 37(b)(2)(E) of the Federal Rules of Civil Procedure, a party may be personally liable for *reasonable* expenses including attorney's fees *caused* by the failure to comply with a discovery order. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763, 100 S.Ct. 2455, 2462, 65 L.Ed.2d 488 (1980) (emphasis added). Like the dismissal sanction, the assessment of attorney's fees is penal in nature; it is designed to penalize those who engage in the charged conduct and to deter others who might be tempted to follow in similar conduct. *Id.* at 763–64, 100 S.Ct. at 2463. The plain language of Rule 37, however, provides that only those expenses, including fees, caused by the failure to comply may be assessed against the noncomplying party. Furthermore, the expenses must be reasonable. Here the district court assessed attorney's fees under Rule 37 for discovery matters that were not related to Batson's failure to comply with the court's order. In addition, the extraordinarily large assessment of expenses in this case appears to be unreasonable on its face. It is necessary, therefore, to remand for a redetermination and assessment of attorney's fees and costs under Rule 37 if, upon remand, the district court deems such a sanction is warranted.[3]

2. District courts, before dismissing an action with prejudice under Fed.R.Civ.P. 41(b) should make express findings concerning whether less drastic sanctions would equally serve the punishment and deterrent aspects of the rule. *See Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir.1984). Although the district court should also consider less drastic sanctions when dismissing under Rule 37, we have not hesitated to affirm dismissals in appropriate cases without discussion of lesser sanctions. *See, e.g., Kabbe v. Rotan Mosle, Inc.*, 752 F.2d 1083 (5th Cir.1985); *Jones v. Louisiana State Bar Ass'n*, 602 F.2d 94 (5th Cir.1979); *Bonaventure v. Butler*, 593 F.2d 625 (5th Cir.1979). Under the circumstances of this particular case, express consideration of lesser sanctions by the district court would aid us in performing our duty of determining whether the court abused its discretion.

3. The district court also relied upon three Supreme Court decisions and 28 U.S.C. § 1927 to support its award of fees and costs. Section 1927 provides in relevant part that "[a]ny attorney ... who so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously may be required by the court to satisfy personally such excess costs." The district court's reliance upon section 1927 was obviously misplaced, because by its very terms, section 1927 applies only to attorneys or "other person[s] admitted to conduct cases in any court of the United States ...." The district court's opinion did not purport to assess attorney's fees and costs against Batson's counsel, nor do we understand that to be the case.

The citations to the Supreme Court decisions were an apparent reference to the American common-law rule that a defendant may obtain attorney's fees when a plaintiff has acted in bad faith. *See Roadway Express*, 447 U.S. at 766, 100 S.Ct. at 2464; *Hall v. Cole*, 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973); *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1170 n. 12 (5th Cir.1980). Although Bat-

While we leave the determination of reasonable attorney's fees and expenses to the sound discretion of the district court, the court must articulate reasons for its assessment so that, if appealed, we may have a basis to review the court's action. *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1171 (5th Cir.1980).

■ Finally, we reject Spelce's argument that it is entitled to the entire attorney's fee award because the dismissal with prejudice is deemed an adjudication on the merits and thus it is a "prevailing party." Although a civil rights defendant is deemed a prevailing party when the plaintiff's entire case is dismissed with prejudice, the defendant may not be awarded counsel fees unless the plaintiff's claim is "frivolous, unreasonable, or without foundation." *Anthony*, 617 F.2d at 1170; *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762, 100 S.Ct. 2455, 2462, 65 L.Ed.2d 488 (1980); *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). Here, there has been no finding by the district court that Batson's claim was frivolous, unreasonable or without foundation. Although, as Spelce has suggested, such a finding may have been implicit in the district court's opinion, we decline to reach that conclusion without detailed and explicit findings from the district court on the matter.

In conclusion, we hold that the district court did not abuse its discretion in choosing to sanction Batson, but erred in failing to articulate its reasons for not imposing less drastic sanctions. On remand the court should consider whether a sanction less drastic than dismissal with prejudice would not have equally punished Batson and served the deterrent purposes of Rule 37, and articulate its reasons for the sanction it imposes. In determining the amount of expenses to be assessed against Batson, however, the court clearly abused its discretion. We therefore vacate that aspect

of the district court's judgment and remand to the district court with instructions to reconsider the assessment of expenses, including attorney's fees, in the light of, and not inconsistent with, this opinion.

AFFIRMED IN PART, VACATED IN PART AND REMANDED.

son's failure to comply with the discovery order may have been in bad faith, there has been no finding that the action was brought in bad faith or that Batson acted in bad faith as to matters other than her failure to comply with the discovery order. Thus, under the findings in this case, the general common-law rule will not support an award of attorney's fees other than those related to Batson's failure to comply with discovery.