**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 98-20547
Summary Calendar

SANDY G. TOLLETT,

Plaintiff-Appellant,

VERSUS

THE CITY OF KEMAH,

Defendant-Appellee.

No. 98-20631
Summary Calendar

SANDY G. TOLLETT,

Plaintiff-Appellee,

VERSUS

THE CITY OF KEMAH,

Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Texas
(96-H-CV-3131)

September 13, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Tollett appeals the district court's decision to deny her

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

motion for a new trial.  On cross-appeal, City of Kemah appeals the district court's order granting sanctions.  We affirm the denial of motion for a new trial and remand for assessment of sanctions.

## I.   FACTS AND PROCEEDINGS

Sandy Tollett was hired as a full-time, unpaid police officer within the City of Kemah in August, 1993.  As an unpaid officer, Tollett worked under the same conditions as the paid officers: she wore the same uniforms as paid officers, had access to patrol vehicles, and received the same training.  Tollett was required to attend all mandatory meetings and was considered on-duty 24 hours a day.

When Tollett was hired, she was assigned to a field training officer, Sargeant Pete Munoz.  Tollett claims that Munoz expressed dislike toward women police officers and that superior officers, including the chief of police, did not discourage Munoz's attitude. Tollett claims that she was unable to complete the minimum hour requirements for the field training because of Munoz.  When she was unable to complete the minimum hours, she transferred from the field training program to bicycle patrol.  Tollett subsequently left the patrol because of pregnancy.  After her pregnancy, she was required to enter the field training program again.

On September 26, 1996, Tollett filed this suit pursuant to 42 U.S.C. § 2000e.  On May 13, 1997, Tollett filed a motion to compel answers to her interrogatories and compel production of employment records.  The City objected to the production of employment files stating that the files were privileged under Texas law.  Further, the City claimed that it was conducting research to answer the interrogatories.  The district court granted Tollett's request. Tollett, however, did not receive any supplemental answers to interrogatories.  In addition, the City stated that it could not locate the employment files that Tollett requested.

On October 6, 1997, the court held docket call.  At docket

call, the City claimed that it understood the court's order to compel the production of employees' files who were similarly situated to Tollett. On October 9, 1997, Tollett filed a motion for sanctions against the City.

On March 10, 1998, the case proceeded to trial. During trial, the City produced employee files of paid and unpaid officers. Tollett moved for a mistrial in order to review the employee files. The court denied this motion. Tollett also filed a motion for a continuance to review the employment files which the district court denied.

The jury returned a verdict in favor of the City. The district court denied Tollett's motion for a new trial pursuant to Fed. R. Civ. P. 59. The court also entered an order granting Tollett's motion for sanctions, assessing $5000 in sanctions jointly and severally against the City and several employees.

## II. DISCUSSION

In her first point of error, Tollett contends that the district court erred in denying her motion for a new trial pursuant to Fed. R. Civ. P. 59. We will overturn a decision denying a motion for a new trial only where we find an abuse of discretion by the district court. *See Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 986 (5th Cir.1989). We conclude the district court did not abuse its discretion.

In order for newly discovered evidence to warrant a new trial, we consider whether the evidence: (1) would have changed the outcome of the trial; (2) could have been discovered earlier with due diligence; and (3) is merely cumulative or impeaching. *See Diaz v. Methodist Hosp.*, 46 F.3d 492, 495 (5th Cir. 1995). Tollett has not directed us to, nor have we found, any evidence that would have changed the outcome of the trial.

In her second point of error, Tollett contends that the district court should have set aside the jury's verdict on the

ground that the verdict was the result of fraud and misrepresentation pursuant to Fed. R. Civ. P. 60. Because this claim was raised for the first time on appeal, we shall not address it. *See Shanks v. Allied Signal, Inc.,* 169 F.3d 988, 993 n.6 (5th Cir. 1999).

On cross-appeal, the City contends that the district court abused its discretion in granting Tollett's request for sanctions. We review the district court's imposition of sanctions for abuse of discretion. *See Resolution Trust Corp. v. Bright*, 6 F.3d 336, 340 (5th Cir.1993). A court abuses its discretion when its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405 (1990).

We conclude that the district court abused its discretion in imposing sanctions. Under Rule 37 of the Federal Rules of Civil Procedure, a party may be liable for reasonable expenses including attorney's fees caused by the failure to comply with a discovery order. The language of Rule 37 provides that only the expenses and fees caused by the failure to comply may be assessed by the noncomplying party. *See* Fed. R. Civ. P. 37(b)(4); *Batson v. Neal Spelce Assocs.,* Inc., 765 F.2d 511, 516 (5th Cir. 1985).

The district court sanctioned the City "the sum of $5,000 in attorneys [sic] fees and all court costs...." The City contends, and Tollett concedes, that the sanction imposed by the court is not supported by proof of the incurred fees and expenses. It is necessary, therefore, to remand for a redetermination and assessment of reasonable attorney's fees and costs under Rule 37.

### III. CONCLUSION

For the foregoing reasons, the district court did not abuse its discretion in denying Tollett's motion for a new trial. We remand, however, for reconsideration and assessment of sanctions.

4

AFFIRMED and REMANDED.