IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-31401

Summary Calendar
_____

NELSON ROY JR

　　　　Plaintiff - Appellant

　v.

ADM GROW MARK; DAVID A BURGBACHER; FREDDIE J BERGERON

　　　　Defendants - Appellees

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 98-CV-988-K
_____

March 22, 2000

Before KING, Chief Judge, and HIGGINBOTHAM and STEWART, Circuit
Judges.

PER CURIAM:[*]

　　　Plaintiff - Appellant Nelson Roy ("Roy") appeals the

district court's dismissal of his employment discrimination case

against Defendants - Appellees ADM Grow Mark, David Burgbacher,

and Freddie Bergeron ("ADM").　Pursuant to its authority under

Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure, the

district court dismissed Roy's suit with prejudice because he

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to comply with the court's discovery order.  Finding that the district court did not abuse its discretion, we affirm.

I.

On March 30, 1998, Roy filed suit in district court against ADM, his former employer, alleging that his dismissal from employment was based upon race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.  With his complaint, Roy also filed an application to proceed in forma pauperis.  His  application was denied because the magistrate judge found that he was able to pay the filing fee.  On April 28, 1998, Roy filed an Application for Appointment of Attorney Pursuant to 42 U.S.C. § 2000e-5(f)(1).  This application was denied as well, because the magistrate judge found that "[p]etitioner has not made sufficient effort to obtain counsel.  Further, petitioner was hired by the same people who terminated him, giving rise to the implication that discrimination is not present."  Roy's objection to this ruling was untimely.

Following this denial, a preliminary conference was held on July 22, 1998, which Roy failed to attend.  ADM filed a Motion to Dismiss, to which Roy responded with a Motion to Stay Proceedings.  Roy argued that no action should be taken until the district court ruled on his appeal from the magistrate judge's order denying him counsel.  ADM argued that Roy was not entitled to reconsideration of that order because his objection was untimely. The magistrate judge granted ADM's Motion to Dismiss as

to the individual defendants, Davis Burgbacher and Freddie Bergeron, but denied it as to the entity, ADM Grow Mark. The magistrate judge did not rule on Roy's Motion to Stay.

On September 21, 1998, ADM filed a Notice of Deposition scheduling Roy's deposition for October 6 at 10 a.m. ADM mailed Roy a copy of the notice with a letter advising him that if he had scheduling conflicts to notify ADM immediately; otherwise, ADM would expect him to appear as scheduled. Roy failed to appear for his deposition. ADM's counsel left a message at Roy's home to contact her immediately, for a motion to dismiss might be filed for his failure to attend. Roy did not return the call. The following day, however, ADM's counsel received a letter from Roy indicating that he was unable to attend the deposition because he had taken a new job and was working the night shift seven days a week.

ADM filed a Motion to Compel Plaintiff to Appear for Deposition and for Sanctions Pursuant to Rule 37(d). Roy objected, stating this time that he did not know that he had to attend the deposition because he was under the impression that, until the court ruled on his Motion to Stay, a stay was automatically in effect. Further, he claimed that he did not receive the voice mail from ADM's counsel because his phone was broken, that his 7:00 p.m – 5:35 a.m. work schedule made it unsafe for him to drive to a deposition at 10:00 a.m., that ADM had failed to state "a proper motive for the deposition," and that being deposed in the offices of a law firm was unfair

because he was proceeding pro se and feared being taken advantage of.

ADM also filed a Motion to Extend Time to Supplement Witness and Exhibit List because the trial date was approaching and it had still not deposed Roy.  Roy objected, stating that "if Defense Counselor would not have wasted so much time with her viscouse [sic] and vain attempts to have this case dismissed ... Defense Counselor could have filed discovery and gained everything she thought or think [sic] she may need for her Witness and Exhibit list."  Subsequently, Roy filed his own Motion to Compel and Motion to Extend Time to Submit Witness List.

On October 28, 1998, the magistrate judge conducted a hearing on ADM's motions.  She specifically advised Roy that "the mere filing of a motion to stay does not operate to halt this proceeding or to otherwise relieve him of the obligations imposed by the Federal Rules of Civil Procedure, including the obligation to appear for a duly-noticed deposition."  Roy argued that ADM should conduct discovery the same way he was conducting discovery - through document requests and interrogatories.  The magistrate judge informed Roy that ADM had a right to depose him, and she granted ADM's Motion to Compel.  She held its Motion for Sanctions in abeyance, however, pending the conclusion of Roy's deposition.  ADM's deadline to supplement its witness and exhibit list was extended to one week following the conclusion of Roy's deposition.

4

Roy was to be deposed at 2:00 p.m. on October 30.  He arrived thirty minutes late and, by 7:00 p.m., his deposition was not yet completed.  The court ordered that the deposition be reconvened at 10:00 a.m. on November 13.  Also on November 13, the court scheduled hearings on Roy's Motion to Compel and Motion to Extend Time to Submit Witness List.

On November 10, Roy filed another Motion to Stay requesting that all proceedings in this case, including the reconvening of his deposition, be stayed pending the court's rulings on various matters.  Specifically, Roy contended inter alia that his original notice of deposition was improper because it did not state with specificity the testimony sought to be elicited.  On November 13, before the Motion to Stay was ruled upon, Roy failed to appear for either the recommencement of his deposition or for argument of his own motions.  A proces verbal was taken before the court, and the two motions scheduled to be heard were dismissed for Roy's failure to appear.  Roy eventually arrived at 2:25 p.m., some four-and-a-half hours late, and explained that he had encountered transportation difficulties.

The magistrate judge entered a Report and Recommendation recommending that Roy's case be dismissed with prejudice pursuant to Rules 37(b)(2)(C) and 41(b).[1]  The magistrate judge noted

---

[1] The magistrate based the decision to dismiss on both Rule 37(b)(2)(C), which allows the court to dismiss for failure to comply with a discovery order, and 41(b) which allows the court to dismiss for failure to prosecute.  Finding adequate grounds for dismissal under Rule 37(b), we need not consider whether dismissal under Rule 41(b) was appropriate.

Roy's failure to attend the preliminary scheduling conference, his failure to attend the October 6 deposition, her specific warning that filing a motion to stay does not allow him to shirk his obligations under the Federal Rules, his tardiness at the October 30 deposition, and his failure to attend both the reconvening of his deposition and the hearing on motions he himself had filed. She then concluded:

> As plaintiff is unrepresented by counsel, these failures are attributable to him alone. Trial is less than two months away and the expense and prejudice to defendant continues. Despite the Court's admonishments, plaintiff has failed to present himself for the completion of his deposition in a timely fashion. This contumacious conduct cannot be countenanced.

Roy filed a timely objection to the magistrate judge's Report and Recommendation arguing that the notice of deposition was improper, that allowing a deposition to be taken was an abuse of discretion, and that the magistrate judge should be removed because she was biased against him. The district court found that Roy's objections were without merit. It adopted the magistrate judge's Report and Recommendation, commenting that "plaintiff has chosen to sue defendants; he cannot now deny defendants the right to defend themselves." Roy now appeals.

## II.

Under Rule 37(d), a party refusing to attend his own deposition can be sanctioned under Rule 37(b). Among the sanctions available to a district court under Rule 37(b) is dismissal of the action with prejudice. Although our task in reviewing a sanction imposed under Rule 37(b) is to determine

whether the district court abused its discretion in ordering the sanction, we have noted that a district judge should use the draconian remedy of dismissal with prejudice only in extreme circumstances.  See Griffin v. Aluminum Co. of America, 564 F.2d 1171, 1172 (5th Cir. 1977).  "Deliberate, repeated refusals to comply with discovery orders have been held to justify the use of this ultimate sanction."  Bonaventure v. Butler, 593 F.2d 625, 626 (5th Cir. 1979) (dismissal affirmed where plaintiff three times refused to appear for a deposition); see also Jones v. Louisiana State Bar Ass'n, 602 F.2d 94 (5th Cir. 1979) (dismissal where plaintiff deliberately refused two orders to produce recordings and documents he possessed); Emerick v. Fenick Industries, Inc., 539 F.2d 1379 (5th Cir. 1976) (default entered were defendant ignored three orders to produce documents).

In determining whether a district court abused its discretion, our precedent has addressed a number of considerations.  First, dismissal is authorized only when the failure to comply with the court's order is due to willfulness, bad faith, or any fault of the petitioner.  See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 640 (1976); see also Batson v. Neal Spelce Assocs., 765 F.2d 511, 514 (5th Cir. 1985).  Dismissal is inappropriate when a failure to comply results from an inability to comply, such as where requested information is not yet available or no longer exists.  See Marshall v. Segona, 621 F.2d 763, 768 (5th Cir. 1980); Dorsey v. Academy Moving & Storage, Inc., 423 F.2d 858, 860 (5th Cir.

7

1970).  Next, dismissal is proper only in situations where the deterrent value of Rule 37 cannot be achieved by the use of less drastic sanctions.  See Batson, 765 F.2d at 514.  We also consider whether the other party's preparation for trial was substantially prejudiced.  See id.  Finally, dismissal may be inappropriate when neglect is attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders.  See id.; Silas v. Sears, Roebuck & Co., 586 F.2d 382, 385 (5th Cir. 1978).

Roy makes two arguments on appeal.  First, he contends that the dismissal of his suit with prejudice for failure to attend his deposition was improper because he should not have been forced to submit to a deposition.  Being deposed, Roy claims, is burdensome, unreasonable, and an abuse of discovery under Rule 26.  According to Roy, ADM could obtain the same information using interrogatories, which would be more convenient for him and less expensive.  ADM chose to depose him, Roy asserts, to take advantage of the fatigue his work schedule caused and the difficulties he had been having finding transportation.  This contention is without merit.

Rule 26(b) is designed to encourage district judges to identify instances of redundant or disproportionate discovery and to limit the use of various discovery devices accordingly.  Permitting a defendant to depose a plaintiff is hardly the abuse of discovery that Rule 26(b) contemplates.

Next, Roy argues that his failure to attend the preliminary conference and to complete his deposition was not a product of willfulness or bad faith; rather, his absences and delays were a consequence of his ignorance of the law and his transportation problems. We are mindful of the Supreme Court's admonition regarding the natural tendency of reviewing courts, employing hindsight, to be heavily influenced by the severity of outright dismissal of an action as a discovery sanction. See National Hockey League, 427 U.S. at 642. As such, we find no abuse of discretion in the district court's refusal to accept Roy's proffered explanations.

There is sufficient evidence in the record to conclude that Roy's failure to comply with the court's discovery order was due to negligence and gross indifference to the rights of ADM, not to an inability to comply. Furthermore, the evidence suggests that the imposition of a sanction less drastic than dismissal would have been futile. Roy did not attend the October 6 deposition and failed to notify ADM prior to the deposition that he would not appear. He offered conflicting excuses for his absence. First, he sent ADM a letter saying he was unable to attend because of his work schedule. In later documents filed with the court, Roy claimed not to have known he had to attend. He was then given ample warning that the court would not tolerate discovery abuses, and, during the hearing on ADM's Motion to Compel and for Sanctions, he was put on notice that his failure to comply could result in dismissal. The magistrate judge

forgave his initial lapses, explained that he was required to attend duly-noticed depositions, and delayed the imposition of sanctions to give him the chance to comply with the court's discovery order.

Roy failed to comply, citing as his excuse an inability to find a ride to the bus. He had two weeks, however, to find transportation to the deposition at the agreed upon time, and he offered no explanation for why he did not notify the court that he was having difficulty getting to his deposition. Again, counsel for ADM had prepared for Roy's deposition and, together with the magistrate judge and a court reporter, was left waiting for Roy's arrival. Given Roy's continued resistence to being deposed and his accusations of ADM's malice in wanting to depose him, it was not an abuse of discretion for the district court to dismiss his suit with prejudice. See Bluitt v. Arco Chem. Co., 777 F.2d 188, 191 (5th Cir. 1985) (affirming the dismissal of a case where the district court found that the plaintiff's failure to obey discovery orders and heed warnings that dismissal could occur showed that a sanction less than dismissal would have been futile).[2]

III.

---

[2] In addition to evidence of bad faith and the futility of a lesser sanction, there is also sufficient evidence in the record to satisfy our other considerations: Roy's resistence to the taking of his deposition prejudiced ADM's ability to mount a defense against him; his failure to comply with the discovery order was attributable to him alone; and, having been specifically advised by the magistrate judge that his attendance was required, his neglect cannot be said to be grounded in confusion.

For the foregoing reasons, the judgment of the district court is AFFIRMED.