h STEWART, J.
Defendants, Jack and Wendy Buttattia, appeal from a default judgment awarding plaintiffs, Michael Hayes, Gregory Jackson, and Regina Jackson, damages for the breach of an agreement to purchase real estate.[1] Because we find the trial court erred in granting a default judgment under the circumstances of this case, we reverse the trial court’s judgment and remand for further proceedings.
FACTS
On May 12, 2002, Gregory and Regina Jackson signed a “Residential Agreement to Purchase and Sell” whereby they agreed to purchase a house at 56 Holiday Drive in Monroe, Louisiana, from the But-tattias for $78,000. Michael Hayes was the realtor who brokered the transaction. The agreement specified that the act of *904 sale was to be passed on or before June 17, 2002, and that any extensions were to be agreed upon in writing and signed by the parties. Apparently, the sale was not completed at the specified time. On July 8, 2002, the parties agreed in writing to extend the agreement by allowing the act of sale to be completed on or before July 22, 2002. Again on July 25, 2002, the parties agreed in writing to extend the closing date deadline to August 15, 2002. This latter agreement required the Buttat-tias to remove tenants from the property on or before August 10, 2002. The act of sale was never completed.
bOn November 14, 2002, Hayes and the Jacksons filed suit in Monroe City Court against the Buttattias seeking damages for breach of contract and related expenses.[2] They alleged that the Buttattias breached the contract by failing to remove their tenants from the premises so that the Jacksons could take possession of the property upon passage of the act of sale. The Buttattias answered in proper person on November 20, 2002. Jack Buttattia alleged that he did not remove the tenants because the Jacksons changed their decision about buying the house. Minutes of the court reflect that trial was scheduled for March 5, 2003.
On January 24, 2003, the plaintiffs filed a rule to compel the Buttattias to answer interrogatories, which were alleged to have been propounded on January 2, 2003. In a judgment on the rule rendered February 4, 2003, the city court judge ordered the Buttatias to answer the interrogatories within seven days and assessed them with costs and attorney fees of $150. Thereafter, the Buttattias engaged the services of an attorney, Frederic Amman, who assisted in preparing the answers to the interrogatories. The record contains a copy of a fax from plaintiffs’ counsel to Mr. Amman dated February 13, 2003, noting that the seven day deadline had passed and inquiring about the Buttattias’ intentions. Mr. Amman responded by fax the next day, February 14, 2003, with the explanation that he would prepare the answers and forward them as soon as he completed them. Plaintiffs’ counsel then demanded the discovery responses no later than February 17, 2003, and requested a date to depose Mr. Buttattia.
|3On February 19, 2003, the plaintiffs filed a rule for sanctions on the basis that the Buttattias had failed to comply with the court’s order of February 4, 2003. The plaintiffs asked to be granted a default judgment under La. C.C.P. art. 1471(3) for the Buttattias’ failure to provide discovery responses. That same day, plaintiffs’ counsel received the answers to the interrogatories from Amman’s office; however, the plaintiffs claimed the answers were incomplete and alleged that the But-tattias failed to respond to a request for production of documents.
On February 25, 2003, the city court judge heard the plaintiffs’ rule for sanctions. The Buttattias were not present and no one was present on their behalf. Plaintiffs’ counsel and the judge discussed whether Amman had enrolled in the matter or whether he was retained only to assist in answering the interrogatories. The matter was continued to February 27, 2003, at which time Mr. Buttattia appeared in proper person and attempted to explain the situation during the following exchange:
By Mr. Buttattia: Uh ... it is just really a misunderstanding between me and Mr. Amman. I mean, I thought when I dropped the paper work off by his office, uh ... he would take it over from there. I see that he didn’t get to it *905 on time. I ... I ... I actually thought surely he would have called me and said that we have a court date set for Tuesday or Monday.
By the Court: The record indicates that you were served by personal service. By Mr. Buttittia: Sure, I figured that they had served him papers also. I know that this was just a misunderstanding uh ... I ...
By Mr. Armstrong: For the record Your Honor, Mr. Amman was not served because he has not enrolled as counsel of record at the time.
|4The city court judge thereafter sustained the plaintiffs’ rule for contempt and awarded $1,500 in attorney fees in conjunction with the rule. The judge also concluded that the plaintiffs were entitled to a default judgment as a sanction for the Buttattias’ belated discovery responses. After hearing the plaintiffs’ evidence regarding their breach of contract claim and damages, the city court judge granted the default judgment and awarded damages and attorney fees. Mr. Buttattia was not allowed to speak and was informed by the court that he lost the right to speak by failing to appear in court. This appeal from the default judgment followed.
DISCUSSION
In certain circumstances, a party aggrieved by the failure of another party to obey a court order to provide or permit discovery may obtain a judgment by default against the disobeying party. An avenue for such relief is set forth in La. C.C.P. art. 1471, which provides, in part:
If a party or an officer, director, or managing agent of a party or a person designated under Articles 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Article 1469 or Article 1464, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
It must be stressed that judgment by default is a draconian penalty which should be applied only in extreme circumstances. Horton v. McCary, 93-2315 (La.04/11/94), 635 So.2d 199. Because the sanctions of dismissal or ^default involve property rights, such sanctions are generally reserved for the most culpable conduct. Id.
In Horton, supra, the court looked to federal jurisprudence for the measure of the proper sanction for failing to obey a court order for discovery. The court noted that before granting a default judgment as a sanction for disobeying a discovery-related court order, federal district courts consider the following four factors:
(1) Whether the violation was willful or resulted from inability to comply.
(2) Whether less drastic sanctions would be effective.
(3) Whether the violations prejudiced the opposing party’s trial preparation.
(4) Whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney.
Horton, supra, citing Batson v. Neal Spelce Associates, Inc., 765 F.2d 511 (5th Cir.1985); U.S. For Use of M-CO Const. v. Shipco General, Inc., 814 F.2d 1011 (5th Cir.1987).
The Horton court also noted that the sanctions of dismissal and default are gen *906 erally reserved for cases where both the client and attorney are at fault and where the record supports a finding that the failure to obey was due to willfulness, bad faith, or fault. Horton, supra, citing Allen v. Smith, 390 So.2d 1300 (La.1980). See also L & M Hair Products, Inc. v. State, DOTH, 29,998 (La.App.2d Cir.12/10/97), 704 So.2d 415.
The record in the instant case shows that the answers to discovery were due, as per the court’s order, on February 11, 2003. According to a Februray 14, 2003, fax from Mr. Amman to plaintiffs’ counsel, Mr. Buttattia ^provided Mr. Amman with the answers to the interrogatories on Wednesday of that week, which would have been February 12, 2003. Thereafter, plaintiffs did not receive the answers until February 19, 2003, despite their demand by fax that they receive the answers by February 17, 2003. This chain of events establishes that Mr. Buttattia failed to comply with the court imposed discovery deadline and was two days late in forwarding the responses to plaintiffs’ counsel in accordance with the additional leeway plaintiffs provided. However, we do not find that the circumstances support a finding of either willfulness, bad faith, or fault on the part of Mr. Buttattia which is required to support the sanction of a default judgment.
Clearly, the discovery answers were late, and the delay warrants some penalty. Fashioning an appropriate penalty requires consideration of the fact that approximately half of the delay in this case was attributable to whatever delay occurred in Mr. Amman’s office during the formal preparation of the answers for submission. The failure of Mr. Amman to enroll as counsel of record is of no moment, since he was apparently acting as counsel for Mr. Buttattia in the preparation of the discovery. Whether the delay was due to mxs-communication between Mr. Amman and Mr. Buttattia or to some other reason, the record does not establish the type of willful disobedience of a discovery order that merits the most severe sanction of a default judgment. Because of our determination that the sanction of default judgment is not warranted in this instance, we find it unnecessary to reach the assignments of error pertaining to the merits of the default judgment.
^CONCLUSION
For the above-assigned reasons, the judgment of the city court granting a default judgment as a sanction for the failure of the Buttattias to timely comply with the court’s discovery order is reversed, as is the judgment of default. The matter is remanded for further proceedings. Costs of this appeal are assessed to the plaintiffs, Gregory Jackson, Regina Jackson, and Michael Hayes.
REVERSED AND REMANDED.

. The defendants’ surname is spelled "Buttat-tia" in various pleadings and in the trial court’s judgments. It is also spelled "Buttit-ta” in other pleadings in the record, including the defendants' own filings. However, for purposes of this appeal and to correspond with the caption under which this suit was filed, we will refer to the defendants as "But-tattia.”

. This matter does not involve a title dispute. La. C.C.P. art. 4847(A)(1).