**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 25, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10723
c/w No. 03-10842
Summary Calendar

LARRY LEE BUTLER,

Plaintiff-Appellant,

versus

R. CLOUD, Etc.; ET AL.,

Defendants,

R. CLOUD, ID #3221, Fort Worth Police Department,

Defendant-Appellee.

-------------------------------------------

LARRY LEE BUTLER,

Plaintiff-Appellant,

versus

R. CLOUD, Etc.; ET AL.,

Defendants,

NFN MARTINEZ, ID #3156, Fort

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CV-00756-A
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In appeal no. 03-10723, Larry Lee Butler, Texas prisoner #1116378, appeals from the dismissal of claims against defendant R. Cloud with prejudice for failure to comply with discovery obligations, pursuant to FED. R. CIV. P. 37. In appeal no. 03-10842, Butler appeals from the grant of judgment as a matter of law for defendant Martinez, pursuant to FED. R. CIV. P. 52. Butler's two appeals are hereby CONSOLIDATED.

We construe Butler's brief in appeal no. 03-10723 as raising for appeal whether the district court erred by dismissing his claims against Cloud with prejudice; whether the district court erred by deeming admitted the material in Cloud's requests for admissions; and whether the district court erred by denying his motion for medical records. Butler has merely listed his remaining issues in appeal no. 03-10723. He has failed to brief any of those issues for appeal, and we do not consider those issues. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We review dismissal under FED. R. CIV. P. 37 for abuse of discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640, 96 S. Ct. 2778, 2779, 49 L. Ed. 2d 747

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1979); *Batson v. Neal Spelce Assocs.*, 765 F.2d 511, 514 (5th Cir. 1985). "Rule 37 empowers the district court to compel compliance with Federal discovery procedures through a broad choice of remedies and penalties, including dismissal with prejudice." *Griffin v. Aluminum Co. of America*, 564 F.2d 1171, 1172 (5th Cir. 1977). Where the district court dismisses an action with prejudice under Rule 37(b)(2)©, the dismissal will be upheld only "when the failure to comply with the court's order results from wilfulness or bad faith, and not from an inability to comply," *Batson*, 765 F.2d at 514. Other considerations include "whether the other party's preparation for trial was substantially prejudiced," whether the improper behavior is attributable to the attorney rather than the client, and whether "a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders." *Id.* A dismissal with prejudice under Rule 37 is a "remedy of last resort" which should be applied only in extreme circumstances. *Id.* at 515. As a result, our review centers on whether the district court could have substantially achieved the deterrent value of Rule 37 by imposing an equally effective but less drastic sanction. *Id.* at 514; *Griffin*, 564 F.2d at 1172.

Butler was given ample warning that his failure to participate in discovery or comply with court orders could result in the dismissal of his claims. Butler did not respond to interrogatories. Instead, he advised that he refused to answer

and would invoke the Fifth Amendment. The district court then ordered him to fully comply and answer. Butler did not comply. The examples Cloud provided to the district court of Butler's responses to Cloud's interrogatories and requests for production of documents evidence that Butler made what amounted to a meaningless effort to fully comply with the district court's June 5, 2003, order as to the particular questions and requests contained in those samples. We refuse to remand this case to give Butler another opportunity to thwart the district court's order. We conclude based upon the record now before us that dismissal with prejudice was appropriate.

Butler has shown no error regarding the district court's decision to deem admitted the statements contained in Cloud's request for admissions. The district court need not have first ordered Butler to comply with Cloud's request. *See McLeod, Alexander, Powel & Apffel v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). Nor has Butler shown that the district court abused its discretion by denying his request for medical records. *See Mayo v. Tri-Bell Indus., Inc.,* 787 F.2d 1007, 1012 (5th Cir. 1986).

Butler has merely listed his appellate issues in appeal no. 03-10842. He has not briefed those issues sufficiently to have them considered by this court. *See Brinkmann*, 813 F.2d at 748. The district court's judgment in each appeal is AFFIRMED.

APPEAL NO. 03-10723: AFFIRMED.

APPEAL NO. 03-10842: AFFIRMED.