# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 14, 2011

Lyle W. Cayce
Clerk

No.  10-31082

SPSL OPOBO LIBERIA, INCORPORATED,

Plaintiff - Appellant

v.

MARINE WORLDWIDE SERVICES, INCORPORATED;
ALAN L. MOORE; RAY O. GROOT,

Defendants - Appellees

SPSL OPOBO LIBERIA, INCORPORATED,

Plaintiff - Appellant

v.

AAA HOLDINGS, L.L.C.

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-3355

Before JONES, Chief Judge, and STEWART and SOUTHWICK, Circuit
Judges.

EDITH H. JONES, Chief Judge:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No.  10-31082

The district court dismissed the claims of Appellant ("SPSL") in this case for its contumacious failure to make available for deposition the company's chief executive Henry MacPepple.  The court rendered its findings and conclusions by citing and applying this court's four-part guidelines applicable to the drastic remedy of dismissal.  FED. R. CIV. P. 37(b);  *Batson v. Neal Spelce Assocs.*, 765 F.2d 511, 514 (5th Cir. 1985).  Reviewing the court's factual findings for clear error and its ultimate decision for an abuse of discretion, *id.*,  we AFFIRM.

The complex background to this multiparty fight over the alleged conversion and subsequent sale of a marine barge is generally unnecessary to our analysis.[1]  The original claim by SPSL against Marine Worldwide and two individuals (collectively, "Marine Worldwide") had been pending about two years when AAA attempted to purchase the barge and was also sued in rem by SPSL. The cases were consolidated for disposition.   AAA moved for the deposition of MacPepple in 2010.  When SPSL refused to make him available, the court ordered his appearance by telephone and video from Nigeria no later than August 4.  SPSL was unresponsive to the ensuing arrangements until August 3, when it wrote to the court asserting that because of "health reasons," MacPepple would not appear as ordered.  The magistrate judge, asked to intervene, found this excuse unpersuasive and ordered that the deposition occur. SPSL ignored this order.

AAA moved for dismissal as a sanction pursuant to Rule 37(b), and alternatively to exclude MacPepple's testimony.   The Marine Worldwide defendants joined the motion as to the latter remedy.  On the basis of full

---

[1]  We note, however, that title to the barge was resolved in the separate appeal of Marine Worldwide from other district court orders.   *See* No. 11-30270, SPSL Opobo Liberia, Inc., v. Marine Worldwide Svces, Inc., filed Sept. 30, 2011, unpublished

No.  10-31082

briefing and oral argument, the court granted the motion to dismiss. The court found that Appellant ignored two court orders compelling MacPepple's appearance and filed a "highly questionable," unverifiable, not credible statement by an alleged Nigerian doctor to excuse his absence. The court concluded that Appellant caused Appellees severe prejudice because Appellant had repeatedly identified MacPepple as the sole corporate witness who had knowledge of events underlying the lawsuit.[2] Finally, the court found that less severe sanctions would not remedy the prejudice suffered by Appellees and the gross disregard of the court's orders.

On appeal, SPSL takes issue with the court's factual finding that it violated not one but two court orders. There is no clear error. Not only were two orders issued against MacPepple, but the court found Appellant's proffered medical excuse utterly incredible, a fact that showed further disrespect for the court. The Appellant next argues that the court abused its discretion by failing to give prior notice of its intent to dismiss and refusing to apply less severe sanctions. Prior notice was hardly necessary because AAA's motion and briefing clearly requested dismissal of the claims against AAA, and SPSL had ample opportunity to defend its misconduct. As for lesser sanctions, the court was offered the alternative of excluding MacPepple's (or any other corporate representative's) testimony.  But the court understood correctly, based on Appellant's own representations, that such testimony was the key to its case as

---

[2] That SPSL attempted after the fact to offer other potential witnesses was, in the court's ruling on motion for reconsideration, disingenuous compared with the consistency of its earlier statements. In its opposition to the motion for reconsideration, Marine Worldwide stated that "[SPSL] cannot establish that a 'second chance' would alter the outcome of the case . . ." and referred to a summary judgment motion Marine Worldwide was about to file in the barge title dispute.

3

No.  10-31082

plaintiff.   The plaintiff's refusal to produce its "star" witness under these circumstances inflicted severe prejudice on Appellees' preparation.   Just as clearly, the only likely alternative remedy would have required plaintiff to "try" a case without this witness, essentially dooming its presentation; such a result would have severely inflicted even more cost and delay on the Appellees.   The court did not abuse its discretion.

The only potentially troubling aspect of this appeal is SPSL's contention that, given Marine Worldwide's limited approach to the sanctions motion in the district court and its failure to file an appellee's brief in this court, we should reverse the dismissal of SPSL's in personam claims against those Appellees. We decline to do so.   First, nothing in the federal rules required the district court to bifurcate SPSL's claims against the two sets of defendants when it ordered Rule 37(b) sanctions.   Second, MacPepple's refusal to make himself available as a witness for deposition, even one taken remotely for his convenience from Nigeria, undercut the likelihood that he could or would make a case against either set of defendants.   Third, Appellees are not required to file an appellate brief as a condition of our affirmance.   *See* FED. R. APP. P. 31(a)(1).   In sum, we find no abuse of discretion under the circumstances of this case.

For these reasons, the judgment of dismissal is **AFFIRMED**.