**AZTEC STEEL COMPANY, A. F. S. C. O., Inc., Atlantic Steel Fabricators, Inc., Fairmont Steel Corporation, etc., et al., Plaintiffs-Appellants,**

v.

**FLORIDA STEEL CORPORATION, et al., Defendants-Appellees.**

No. 81–5961
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 4, 1982.

R. Benjamine Reid, Miami, Fla., for plaintiffs-appellants.

Thomas C. Mac Donald, Jr., Donald A. Gifford, Tampa, Fla., Lewis, Rice, Tucker, Allen & Chubb, Frank P. Wolff, Jr., St. Louis, Mo., Harry Kemker, Tampa, Fla., Ralph C. Dell, Tampa, Fla., for defendants-appellees.

Before GODBOLD, Chief Judge, FAY and CLARK, Circuit Judges.

PER CURIAM:

This case arises out of the dismissal under Fed.R.Civ.P. 37(b)(2) of appellant's antitrust action for willful failure to comply with court ordered discovery. We affirm.

In 1975 appellants Aztec Steel Company, A.F.S.C.O. Inc., Atlantic Steel Fabricators, Inc. and Fairmont Steel Corporation (hereinafter collectively referred to as Aztec) filed suit against Florida Steel Company, LaClede Steel Company and Bethlehem Steel Corporation.[1] Aztec charged the steel companies with a wide array of antitrust violations.

In 1977 both Bethlehem and LaClede served interrogatories on Aztec. Aztec's answers were both evasive and incomplete. When Bethlehem and LaClede were unable to negotiate complete answers, they filed motions to compel. A magistrate granted the motions and Aztec eventually filed supplemental answers. Bethlehem and LaClede subsequently filed a second motion to compel, claiming that Aztec's answers remained inadequate. The magistrate granted the motion, and Aztec filed another set of supplemental answers. In 1980 Bethlehem and LaClede moved to dismiss, asserting that Aztec's answers to their interrogatories remained incomplete. Florida Steel filed a joinder to the dismissal motions.

In a hearing before the magistrate Aztec asserted for the first time that it was unable to supply complete answers. The magistrate rejected Aztec's claims of good faith and found that it had willfully and knowingly failed to comply with the court's orders. The magistrate recommended that the action be dismissed.

The district court agreed that Aztec had willfully flouted court ordered discovery. The court noted that Aztec's "facile protestations of good faith are simply not borne out of the total record. To the contrary, [its] history of broken promises to Magistrate Game and [its] failure to provide the defendants with basic information in the six years this case has been pending evidence a willful disregard for the Court, the discovery process, and the opposing parties." *Atlantic Steel Fabricators, Inc. v. Florida Steel Corporation*, No. 76–320 Civ–T–GC, op. at 3 (D.Fla. Aug. 25, 1981). After considering the inefficacy of lesser sanctions, the district court dismissed Aztec's claim against Bethlehem, LaClede and Florida Steel. Aztec subsequently settled with Bethlehem and LaClede. From the dismissal in favor of Florida Steel, Aztec appeals.

The standard of review for a Rule 37(b) dismissal is not whether the reviewing court would, as an original matter, have dismissed the action; it is whether the district court abused its discretion in dismissing the action. *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976). Dismissal will not be upheld if a party's failure to comply is due to inability rather than to willfulness, bad faith or disregard of responsibilities. *Jones v. Louisiana State Bar Association*, 602 F.2d 94 (5th Cir. 1979).[2] When a party demonstrates a flagrant disregard for the court and the discovery process, however, dismissal is not an abuse of discretion. *Emerick v. Fenick Industries, Inc.*, 539 F.2d 1379 (5th Cir. 1976). In reviewing the district court's ruling one consideration is whether a less dras-

---

1. In the original complaint Georgetown Steel Company and Owen Steel Company of Florida were included as defendants. Private settlements resulted in the dismissal of Georgetown and Owen in 1977.

2. Fifth Circuit cases handed down prior to September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

tic but equally effective remedy could have been fashioned. *Jones v. Louisiana State Bar Association,* 602 F.2d at 97. In the instant case the court found that Aztec knowingly and willfully failed to comply with court ordered discovery and that sanctions less severe than dismissal would be ineffective. We are unwilling to conclude that the district court abused its discretion.

◼ Aztec contends that the dismissal of its claims against Florida Steel was improper because Florida Steel did not propound any interrogatories. This argument disregards the institutional values Rule 37 is designed to protect. Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process. Aztec's contumacious conduct justified the district court's dismissal of the entire action. If we were to hold otherwise, "other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other District Courts." *National Hockey League,* 427 U.S. at 643, 96 S.Ct. at 2781.

AFFIRMED.