[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 7, 2007
THOMAS K. KAHN
CLERK

No. 06-13619
Non-Argument Calendar

_____

D. C. Docket No. 05-00302-CV-RWS-1

PATRICK J. MENE, through his Guardian, Robin Mene,

Plaintiff-Appellant,

versus

MARRIOTT INTERNATIONAL, INC., d.b.a. The
Ritz-Carlton Hotel Company,
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,
SUE STEVENSON,
THE RITZ-CARLTON HOTEL COMPANY,
RITZ-CARLTON HOTEL COMPANY, L.L.C.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 7, 2007)**

Before ANDERSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Patrick J. Mene, through his wife, Robin Mene, who represents she is appearing as Patrick's guardian, appeals the district court's order granting the defendants' motions for sanctions and dismissing the case for failure to submit to depositions, pursuant to Rule 37 of the Federal Rules of Civil Procedure. Our review of a district court's Rule 37 sanctions order is "sharply limited to a search for an abuse of discretion and a determination that the findings of the trial court are fully supported by the record." Serra Chevrolet, Inc. v. General Motors Corp., 446 F.3d 1137, 1146-47 (11th Cir. 2006). The question on review "is not whether the reviewing court would, as an original matter, have dismissed the action; it is whether the district court abused its discretion in dismissing the action." Aztec Steel Co. v. Florida Steel Corp., 691 F.2d 480, 481 (11th Cir. 1982) (citing National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642 (1976)). After careful review of the record and the parties' briefs, we discern no such abuse of discretion and, accordingly, affirm.

On February 1, 2005, the Menes filed a complaint against The Marriott International, Inc., d/b/a The Ritz-Carlton Hotel Company; Sue Stevenson, an employee of Ritz Carlton; and The Prudential Insurance Company of America, alleging, inter alia, breach of fiduciary duty and that the defendants had interfered with the Menes' attainment of long-term disability payments following a

2

debilitating stroke, in violation of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1105 and 1140. The district court assigned the case to a six-month discovery track to end on November 23, 2005, and the defendants noticed the Menes on August 2, 2005, that their depositions were requested.

The following month, and again in October, the Menes voluntarily rescheduled their depositions. In November, they again rescheduled, this time with the district court's permission, after the Menes' counsel withdrew on the eve of the depositions. After a subsequent extension of the discovery period, the Menes refused to be deposed in December until they could retain new counsel. The district court granted the defendants' motion to compel discovery and ordered that the Menes appear for deposition on January 12, 2006.

Two days before the scheduled depositions, which the district court had ordered them to attend, the Menes sought another extension to retain new counsel and a protective order from being deposed. Without awaiting a ruling on their motion from the court, the Menes informed the defendants that they would not be participating in the depositions scheduled for January 12th and did not attend.

Thereafter, the defendants moved for sanctions, urging the court to dismiss the case or, in the alternative, to grant an additional extension of discovery. The court denied their motion for sanctions to the extent it sought dismissal, but did

order the Menes to pay the defendants' costs and attorney's fees in bringing the motion and ordered the Menes "to appear for deposition at such time as may be reasonably noticed by Defendants." The court gave the Menes until February 28th to retain new counsel and ordered that discovery would be reopened from March 1st to March 31st. The defendants scheduled the Menes' depositions for March 2nd. The court received a letter from the Menes on March 1st, dated February 28th, in which they requested another 60-day extension to obtain counsel because a firm with which they had discussed representation had declined to take the case. Without permission from the court, the Menes did not appear for their March 2nd depositions.

The defendants again moved for the sanction of dismissal. On April 19, 2006, which was over 14 months after the Menes filed their complaint, during which time they had obtained numerous extensions of deadlines from the district court and had failed to show up twice for depositions, despite court orders directing them to attend, the district court granted the defendants' motion for sanctions and dismissed the case. This appeal followed.

On appeal, the Menes argue that the district court erred by dismissing their case and then denying reconsideration because they acted in good faith and were confused by the court's discovery orders. The Menes argue that, because they

4

assumed the court would grant their motion for an extension to procure new counsel and a protective order from being deposed, their failure to appear at the March 2nd depositions was not willful. On this record, we are unpersuaded by any of the Menes' contentions.

The Federal Rules of Civil Procedure authorize that "if a party . . . fails to obey an order to provide or permit discovery," the presiding district court "may make such orders in regard to the failure as are just," including "[a]n order dismissing the action or proceeding." Fed. R. Civ. P. 37(b)(2)(C). We have recognized that "[d]ismissal with prejudice is the most severe Rule 37 sanction and is not favored . . . [b]ut, dismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault." Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). Dismissal is not an abuse of discretion "[w]hen a party demonstrates a flagrant disregard for the court and the discovery process." Aztec Steel, 691 F.2d at 481. On the other hand, a "[v]iolation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 . . . dismissal." Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993). In reviewing whether the district court properly dismissed the action, "one consideration is whether a less drastic but equally effective remedy could have been fashioned." Aztec Steel, 691 F.2d at 481-82.

Here, the district court was plainly within its discretion to dismiss the case after the Menes had <u>twice</u> disobeyed orders by the court to appear for depositions and <u>consistently</u> disregarded court-imposed deadlines to retain new counsel and to complete discovery. Because neither a fine nor the prospect of the dismissal of their case had compelled the Menes to appear for depositions, the record gives no indication that "a less drastic but equally effective remedy could have been fashioned." <u>Aztec Steel</u>, 691 F.2d at 481-82. Accordingly, the district court did not abuse its discretion by dismissing the case and we affirm.

**AFFIRMED.**