[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11070
Non-Argument Calendar

_____

D. C. Docket No. 06-00405-CV-FTM-99-DNF

NOEL CLARK, JR.,
BETSY LYNN CALLAWAY,

Plaintiffs-Appellants,

versus

Vernon Keen, et al.,

Defendants,

CURT MAYS,
DEK LIVINGSTON,
DUANE RANDALL MORGAN,
PATTY WILLIAMS,
FRANK RIBEL, JR., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 23, 2009)

Before BIRCH, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Noel Clark and Betsy Callaway, proceeding pro se, appeal the district court's order dismissing with prejudice their civil rights action as a sanction for failing to comply with discovery orders. On appeal, Clark and Callaway argue that: (1) the district court abused its discretion when it dismissed their case; (2) and the magistrate was biased against them because they were pro se litigants. After careful review, we affirm.

Our review of "sanctions under Rule 37 is sharply limited to a search for an abuse of discretion and a determination that the findings of the trial court are fully supported by the record." Serra Chevrolet, Inc. v. General Motors Corp., 446 F.3d 1137, 1146-47 (11th Cir. 2006) (citation and brackets omitted). The question on review "is not whether [we] would, as an original matter, have dismissed the action; it is whether the district court abused its discretion in dismissing the action." Aztec Steel Co. v. Florida Steel Corp., 691 F.2d 480, 481 (11th Cir. 1982) (citing Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 642 (1976)).

The Federal Rules of Civil Procedure authorize that "[i]f a party . . . fails to obey an order to provide or permit discovery," the presiding district court "may issue further just orders," including an order "dismissing the action or proceeding."

2

Fed.R.Civ.P. 37(b)(2)(A)(v). We have recognized that "[d]ismissal with prejudice is the most severe Rule 37 sanction and is not favored . . . [b]ut, dismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault." Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). Dismissal is not an abuse of discretion "[w]hen a party demonstrates a flagrant disregard for the court and the discovery process." Aztec Steel, 691 F.2d at 481. On the other hand, a "[v]iolation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 . . . dismissal." Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993). In reviewing whether the district court properly dismissed the action, "one consideration is whether a less drastic but equally effective remedy could have been fashioned." Aztec Steel, 691 F.2d at 481-82.

The district court did not abuse its discretion when it dismissed Clark and Callaway's case. Here, the district court warned Clark and Callaway that "any further actions on their part which demonstrates a lack of diligence in prosecuting this action or a failure to comply with their obligations will result in a dismissal of their case." In their responses to the Defendants' attempts to schedule depositions, Clark and Callaway did not offer any reasons why they could not provide depositions at the suggested times. Instead, Clark and Callaway stated that they

3

would only schedule depositions on the same day Defendant Keen agreed to be deposed. Clark and Callaway's demand came after the district court ruled that Keen did not have to be deposed. Because, as the district court found, Clark and Callaway willfully failed to comply with the court's discovery orders, the court did not abuse its discretion when it dismissed their case as a sanction.

In addition, since Clark and Callaway never sought district court review of the magistrate's refusal to disqualify himself, we do not have jurisdiction to review the magistrate's decision. United States v. Renfro, 620 F.2d 497, 499 (5th Cir. 1980).[1] But even if we were to reach the merits of this claim, a claim of bias on the part of the magistrate judge would not excuse a plaintiff's failure to comply with discovery, or prove that the district judge's selection of a discovery sanction amounted to an abuse of discretion.

**AFFIRMED.**

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.