[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12060
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 28, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01833-CV-CC-1

YVETT SMITH,

Plaintiff-Appellant,

versus

ATLANTA POSTAL CREDIT UNION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 28, 2009)

Before CARNES, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Yvett Smith appeals the district court's order denying her motion for recusal, granting in part defendant-appellee, Atlanta Postal Credit Union's (APCU), motion for attorney's fees, and granting APCU's motion to dismiss the action with prejudice.[1]  Following a brief recitation of the facts, we address each of these issues in turn.

## I. BACKGROUND

Smith, proceeding *pro se*, filed suit against APCU seeking $10 million in damages for alleged employment discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112.  After Smith refused to sign a form authorizing the release of her medical records and provided inadequate responses to APCU's initial discovery requests, APCU moved the court for an order to show cause or, in the alternative, an award of attorney's fees associated with bringing the motion.  The court declined to issue an order to show cause, but it did order Smith to sign the medical release form, respond fully to APCU's discovery requests, and reimburse APCU for expenses reasonably incurred in making the motion.[2]  In its order, dated July 1, 2008, the court found Smith's repeated noncompliance with the Federal Rules of Civil Procedure and the applicable Local Rules to be without

[1] Smith also raises arguments concerning the case's underlying merits, which were not pertinent to the district court's order and are irrelevant to this appeal.

[2] APCU filed a petition showing the amount of attorney's fees requested on July 10, 2008.

2

substantial justification, and it warned her that failure to comply with the order would result in sanctions that could include the dismissal of her lawsuit.

Four weeks later, APCU filed a motion to dismiss the action with prejudice pursuant to Federal Rules of Civil Procedure 37(b)(2) and 41(b). APCU alleged that although Smith had finally authorized the release of her medical records, she had not properly responded to its discovery requests by the deadlines established in the district court's July 1 order.

While APCU's motion to dismiss was pending, Smith filed a motion to "remove" the judge from her case. She argued that the judge's previous rulings in APCU's favor and the court's delays in responding to her motions demonstrated bias against her and warranted the assignment of a new judge.

The district court issued its final order on March 19, 2009. The court construed Smith's motion to remove the judge as a motion for recusal under 28 U.S.C. § 455 and denied it on the ground that adverse rulings and delays did not constitute bias. The court also awarded APCU $3,880 for attorney's fees it had incurred in bringing its motion to show cause. Finally, after finding that Smith had willfully failed to comply with her discovery obligations, the procedural rules applicable to her case, and the district court's order of July 1, 2008, the court granted APCU's motion to dismiss with prejudice. This appeal followed.

## II. RECUSAL

We review the district court's refusal to recuse for abuse of discretion. *Gwynn v. Walker (In re Walker)*, 532 F.3d 1304, 1308 (11th Cir. 2008). A "judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Generally, only personal bias stemming from extrajudicial sources is sufficient to disqualify a judge. *See* 28 U.S.C. §§ 144, 455(b)(1); *Hamm v. Members of Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983). An exception exists for judicial conduct demonstrating "such pervasive bias and prejudice that it constitutes bias against a party," but neither "rulings adverse to a party, nor friction between the court and counsel constitute[s] pervasive bias." *Hamm*, 708 F.2d at 651 (citations omitted). On the contrary, "the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).

Smith argues that the district court abused its discretion by denying her motion for recusal. She alleges that the judge acted as an attorney for the defense when he granted APCU's motions and denied hers. She also claims that the judge acted maliciously in refusing to recuse himself and in dismissing her case after she questioned his impartiality. She has failed, however, to state specific facts that

4

would establish personal or pervasive bias. Rulings against one party in favor of another, without more, do not require a judge to disqualify himself, *Hamm*, 708 F.2d at 651, and Smith has not alleged any facts that would lead a reasonable and objective observer to question the district court judge's impartiality. The district court, therefore, did not abuse its discretion in denying the motion for recusal.

## III. ATTORNEY'S FEES

We review the imposition of sanctions under Rule 37 for an abuse of discretion. *Serra Chevrolet, Inc. v. Gen. Motors Corp.*, 446 F.3d 1137, 1146–47 (11th Cir. 2006). We likewise review an award of attorney's fees for abuse of discretion. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1351 (11th Cir. 2008).

Smith contests the district court's award of attorney's fees on the grounds that they were excessive and that the associate who worked on APCU's motion to show cause did not enter an appearance in the case until after the motion had been filed. She also argues that the district court should have made a finding of bad faith before imposing sanctions.

The district court in this case calculated APCU's attorney's fees using the lodestar method, multiplying defense counsel's reasonable hours by a reasonable hourly rate. In determining the reasonable rate, the district court properly considered "the prevailing market rate in the relevant legal community for similar

5

services by lawyers of reasonably comparable skills, experience, and reputation."
*Norman v. Housing Authority*, 836 F.2d 1292, 1299 (11th Cir. 1988). The court also excluded from APCU's initial fee calculation any "hours that were not reasonably expended," *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation and quotation marks omitted), subtracting 2.5 hours from the time entries submitted by defense counsel. There is a "strong presumption that the lodestar figure . . . represents a 'reasonable' fee," *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986), and nothing in the record before us indicates that the district court abused its discretion in calculating and adhering to the lodestar in this case.

Smith's argument that the district court should not have awarded fees for time expended by the associate because he had not yet entered an appearance is similarly unavailing. Neither the Federal Rules of Civil Procedure nor the district court's Local Rules require every attorney working on a case to enter an appearance before the court. *Cf.* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least *one* attorney of record in the attorney's name . . . ." (emphasis added)); N.D. Ga. R. 83.1(D)(1) ("Any other attorney who *signs* a subsequent pleading or paper on behalf of a party must file a notice of appearance with the clerk." (emphasis added)).

With respect to Smith's contention that the imposition of sanctions required a finding of bad faith, Rule 37 fee awards, unlike sanctions imposed pursuant to the court's inherent powers, do not require such a finding. *Compare DeVaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) ("[T]he 1970 amendments [to Rule 37] were specifically enacted to eliminate the possibility that a bad faith requirement would be read into the rule . . . ."), *with Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1320 (11th Cir. 2002) ("[B]efore a court can impose sanctions against a lawyer under its inherent power, it must find that the lawyer's conduct constituted or was tantamount to bad faith." (citation and quotations marks omitted)).

District courts granting motions to compel discovery shall "require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5); *see also* Fed. R. Civ. P. 41(b)(2)(C). *Pro se* litigants are "subject to sanctions like any other litigant," *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), and the district court here found no substantial justification for Smith's resistance to discovery. It therefore did not abuse its discretion by ordering her to pay APCU's attorney's fees.

7

## IV. DISMISSAL WITH PREJUDICE

"This Court reviews dismissals under Fed. R. Civ. P. 41 and 37 for abuse of discretion." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Rule 37 permits the district court to dismiss an action for failure to cooperate during discovery or failure to comply with a court order. Fed. R. Civ. P. 37(b)–(d). Rule 41 similarly allows the dismissal of an action when "the plaintiff fails to . . . comply with these rules or a court order." Fed. R. Civ. P. 41(b). "Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton*, 178 F.3d at 1374.

In this case, Smith repeatedly failed to comply with the Federal Rules of Civil Procedure and refused to cooperate during the discovery process. For instance, she filed several improper and legally insufficient motions to compel discovery without first making any good faith attempt to confer with opposing counsel. While APCU's motion to dismiss was pending, Smith also refused to answer any questions during her deposition that she deemed "personal," including routine inquiries about her employment, marital status, medical history, and involvement in other litigation. Moreover, the district court found her "willful"

failure to make adequate, timely responses to APCU's initial discovery requests a sign of "bad faith and blatant disregard" of the court's July 1, 2008 order.

A district court does not abuse its discretion by dismissing an action with prejudice "[w]hen a party demonstrates a flagrant disregard for the court and the discovery process." *Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480, 481 (11th Cir. 1982). Smith's conduct during the course of this litigation evinced a flagrant disregard for both her obligations as a litigant and the procedural rules governing her case. In light of her recalcitrance, the district court made an explicit finding that no lesser sanction than dismissal was appropriate. Having already warned the plaintiff and attempted to deter future abuses of the discovery process by imposing the lesser sanction of attorney's fees, the district court did not abuse its discretion in dismissing Smith's action with prejudice.

V. CONCLUSION

For the foregoing reasons, the district court did not abuse its discretion in denying Smith's motion for recusal, awarding APCU attorney's fees, and dismissing the action with prejudice. The district court's order of March 19, 2009, is therefore

**AFFIRMED.**

9