[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 9, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-12249
Non-Argument Calendar

_____

D. C. Docket No. 08-00456-CV-W-E

JAMES H. SHORTZ,

Plaintiff-Appellant,

versus

CITY OF TUSKEGEE, AL,
LESTER C. PATRICK,
MICHAEL T. CLEMENTS,
ROBIN COLLINS,
ERMA KENNEDY,

Defendants-Appellees,

TUSKEGEE POLICE DEPARTMENT,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(November 9, 2009)

Before TJOFLAT, WILSON and FAY, Circuit Judges.

PER CURIAM:

James H. Shortz appeals from the district court's dismissal of his complaint, pursuant to Fed.R.Civ.P. 37, for failure to comply with the court's discovery orders, in his action brought under 29 U.S.C. § 201, et seq; 42 U.S.C. § 1981; and 28 U.S.C. § 1367. For the reasons set forth below, we affirm.

**I.**

Shortz filed a complaint against the City of Tuskegee, ("the City"); the Tuskegee Police Department ("TPD"); Tuskegee Police Chief Lester C. Patrick; Police Captain Michael T. Clements; Police Lieutenant Robin Collins; and Erma Kennedy, an Administrative Assistant for the City of Tuskegee (collectively, "the defendants"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq and 42 U.S.C. § 1981, and asserting state law claims of fraud and breach of agreement. Shortz asserted that he began work as a TPD police officer with the understanding that he would accrue additional benefits after completing a six-month probationary period. After the expiration of the six-month probationary period, Shortz was informed "that the six-month probationary period was not the policy, and that [he] would have to complete a one-year probationary period instead." Shortly thereafter, Shortz resigned his position as a police officer. He

2

subsequently learned that his position had been filled by a Caucasian male. Shortz also asserted that he should have been paid overtime for off-duty court appearances on behalf of the City.

The district court held a scheduling conference on July 23, 2008, at which it ordered that all discovery be completed by November 10, 2008.

On September 24, 2008, the defendants filed a motion to compel production, asserting that Shortz's responses to their interrogatories were unsworn, incomplete, and evasive, and that Shortz had provided no documents in response to their request for production of documents. They also filed a motion to compel Shortz to submit to a deposition, asserting that Shortz informed defense counsel, at 3:40 pm on the day before his scheduled deposition, that he had a scheduling conflict and would not be able to appear for the deposition.

On October 9, 2008, the magistrate judge held a hearing on the defendants' motions to compel. The parties agreed that the defendants would depose Shortz on October 20, 2008 and Shortz would depose Patrick, Clements, Collins, and Kennedy on October 21, 2008. Shortz acknowledged that he did not produce any documents in response to the defendants' request for production of documents. The court instructed Shortz to produce his state and federal income tax returns from 2007 forward; any correspondence that he sent to the City that was relevant to

3

his lawsuit; copies of letters he had written to the TPD police chief; and the document he was relying on to prove constructive discharge. The court informed Shortz that he was required to make a good faith effort to find any documents that he may use to support his claims and provide those documents to defense counsel. It noted that "[i]f something came up later that you should have produced, that would not be in your favor and may be taken against you, could even cause the case to be dismissed for some reason."

With respect to the defendants' interrogatories, the court instructed Shortz to provide his employment history for the last 20 years; a list of all compensatory damages he was claiming; and information regarding prior arrests, criminal convictions, and prior lawsuits in which he was involved. The court explained to Shortz that compensatory damages could include back pay, emotional damages, and mental anguish. It ordered Shortz to deliver to the defendants, by October 18, 2008, the information and documents he had promised to provide.

On October 22, 2008, the defendants filed a "Motion to Compel Production and For Other Relief," noting that Shortz had failed to provide responses to their interrogatories and document requests by the close of business on October 17, 2008. They asserted that Shortz also did not have the court-ordered discovery responses when he appeared for his October 20, 2008 deposition, and Shortz stated

4

during his deposition that he had "been too busy" to comply with the court's order to provide the additional responses. They noted that, on October 21, 2008, Shortz told defense counsel that he still had not prepared his discovery responses.

On December 3, 2008, the magistrate judge ordered Shortz to show cause, on or before December 16, 2008, why the defendants' October 22, 2008 motion to compel should not be granted. Shortz failed to respond to the court's order to show cause and, on December 23, 2008, the court granted the defendants' motion to compel, directing Shortz to respond to the defendants' interrogatories and requests for production on or before December 29, 2008, and to appear for a second deposition at a location, date, and time convenient to the defendants. The court also cautioned Shortz that "failure to respond to discovery or to appear for deposition as ordered may result in sanctions, including dismissal."

On January 7, 2009, the defendants filed a response, asserting that they had not received any discovery from Shortz since the entry of the court's December 23, 2008 order compelling Shortz to respond to their interrogatories and requests for production on or before December 29, 2008.

On March 26, 2009, the district court held a status conference. Shortz stated that he remembered appearing before the magistrate judge on October 9, 2008 and understood the December 23, 2008 order. He also admitted that he had not

5

provided the defendants with documents or sworn answers to their interrogatories.

Shortz explained:

> I've been injured. And over the last year and a half, I have been petitioning the courts for some relief. I've filed – I wish I could have brought it in here. I've got a box full of documents that I have filed with courts, this court and the circuit court of Macon County, trying to converse with this – with the defendant's attorney. Trying to do things within the framework of the system. But every time I move forward, there is a road block. There is an impediment. There is things that have been going on that have restricted my ability to move forward. I'm just about bankrupt. I don't have any money. This thing is just like a high-stakes poker game. We call until you can't respond. Then we win. That's about the size of what I've – that's what I see is going on. But I'm just tired. And if you want to dismiss it, fine. I'll go home and rest. But I came to this Court expecting to get some relief.

The court noted that dismissal was one of the penalties for failing to comply with the court's discovery orders. It stated:

> it's a drastic remedy, but you have been ordered to do this. And the second point about this discussion is you were ordered by a federal judge . . . to do this. You had a nice long hearing in October. Then there was another motion and an order in December. You acknowledged you got it. You read them. You understood them and you were able to comply with them, and you didn't comply with them. That is known as contempt of court for failure to comply with a lawful, unambiguous order of a judge.

6

The court asked Shortz if he had anything else to say about the matter and Shortz responded "[n]othing beyond what I appealed to the court for in the beginning initially, for some relief. That's all I want, some relief."

Subsequently, the court dismissed with prejudice Shortz's lawsuit based on Shortz's failure to comply with court orders to provide discovery. The court found that the magistrate judge's orders were valid and lawful, and that Shortz was aware of the court's orders, understood them, had the ability to comply with them, and intentionally did not comply with them. It noted that Shortz provided "no justifiable reason" for his failure to comply with the magistrate judge's orders and stated that he would "just go home and rest" if the court dismissed his lawsuit. The court found that any sanction less than dismissal with prejudice "would not suffice in that it would prejudice Defendants with further delay and expense and would hinder the court substantially in the orderly disposition of its cases. Moreover, any lesser sanction would be ineffective and futile given that [Shortz] purposefully has disregarded multiple court orders."

Shortz filed a motion to set aside the order dismissing his case with prejudice, asserting that his statement that he would "just go home and rest" was misunderstood and that he was prepared to fully comply with all discovery requests within seven days of any order setting aside the dismissal order. He also

7

asserted that the court failed to make a finding that lesser sanctions would be insufficient or that the defendants would be prejudiced by lesser sanctions.

The court denied Shortz's motion to set aside the dismissal order, noting that Shortz's

> statement that he 'would just go home and rest' was preceded by an inquiry into his multiple failures to follow the orders of this court and [Shortz's] flippant response that the court could dismiss the case. [Shortz's] assertions that he is prepared to comply with discovery requests are overshadowed by his history of willfully, deliberately and contumaciously disregarding the prior orders of this court that he respond to discovery. [Shortz] was warned 'that failure to respond to discovery or to appear for deposition as ordered may result in sanctions, including dismissal' . . . yet he still failed to comply.

It noted that its order dismissing the case had stated that any lesser sanction would not suffice because it would result in prejudice to the defendants.

## II.

We review a district court's dismissal of an action as a discovery sanction for an abuse of discretion. BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1048 (11th Cir. 1994). The Federal Rules of Civil Procedure provide a district court with authority to impose sanctions, including dismissal, on a party for failing to comply with a court's discovery order. Fed.R.Civ. P. 37(b)(2). Rule 37(b)(2)(A) provides, in pertinent part: "If a party . . . fails to obey an order to

8

provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part." Fed.R.Civ.P. 37(b)(2)(A). "Dismissal with prejudice is the most severe Rule 37 sanction," but it "may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault." Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). Dismissal is not an abuse of discretion "[w]hen a party demonstrates a flagrant disregard for the court and the discovery process." Aztec Steel Co. v. Florida Steel Corp., 691 F.2d 480, 481 (11th Cir. 1982). Because dismissal with prejudice is considered a drastic sanction, a district court may only implement it as a last resort, when: (1) a party's failure to comply with a court order is a result of willfulness or bad faith; and (2) the district court finds that lesser sanctions would not suffice. Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993).

**III.**

The district court did not abuse its discretion in dismissing with prejudice Shortz's claims. The magistrate judge explained to Shortz, at the October 9, 2008 hearing, exactly what documents he had to produce, specifically explaining what types of compensatory damages he could claim. Furthermore, Shortz was aware of the consequences of failing to comply with the court's orders, as the magistrate

9

warned Shortz on two occasions that failure to produce the requested discovery could result in dismissal of his case. At the March 26, 2009 hearing, Shortz stated that he remembered appearing at the October 9, 2008 hearing, and that he understood the magistrate's December 23, 2008 order to produce discovery documents by December 29, 2008. Although Shortz claims that the magistrate's December 23, 2008 order interfered with his enjoyment of the holiday season, he ignores the fact that he was initially ordered to respond to discovery by October 18, 2008.

It is also noted that Shortz failed to respond to the magistrate judge's December 23, 2008 order to show cause as to why the defendants' motion to compel should not be granted. He also failed to give a compelling reason for failing to comply with discovery requests at the March 26th hearing, stating instead that he had encountered "road block[s]" and "impediment[s]" and lacked money, and telling the court that he would "go home and rest" if it dismissed his case. Because Shortz failed to enunciate any compelling reason for failing to comply with the court's repeated orders to respond to the defendants' discovery requests, the district court correctly found that Shortz's failure to comply was a result of willfulness or bad faith. See Malautea, 987 F.2d at 1542. This is further supported by Shortz's antagonistic relationship with defense counsel and his demeanor before

both the magistrate and the district court.

Finally, the district court found that any sanction less than dismissal with prejudice would not have sufficed. Malautea, 987 F.2d at 1542. In light of Shortz's continued failure to comply with the court's orders and his failure to offer an explanation for his non-compliance, the district court did not abuse its discretion in making this finding. Furthermore, the magistrate explained to Shortz, at the October 9, 2008 hearing, exactly what documents and information he had to provide to the defendants. Shortz was eventually given until December 29, 2008 to produce this information. The fact that Shortz failed to produce the requested information after two-and-a-half months leads to the conclusion that further sanctions would not have successfully compelled production. Accordingly, we affirm the district court's dismissal of Shortz's lawsuit.

**AFFIRMED.**