**Alvin NORRIS, Plaintiff,**

v.

**DAYSI YNIGO LANDSCAPING & LAWN SERVICE, LLC, et al., Defendants,**

**Case No. 1:15–cv–23914–UU**

United States District Court, S.D. Florida.

Signed April 7, 2016

---

Elliot Ari Kozolchyk, Fort Lauderdale, FL, for Plaintiff.

Chris Kleppin, Glasser & Kleppin, P.A., Plantation, FL, Robin D. Benjamin, Morgan & Morgan, Coral Gables, FL, for Defendants.

## ORDER

URSULA UNGARO, UNITED STATES DISTRICT JUDGE

THIS CAUSE comes before the Court upon a *sua sponte* examination of the record.

THE COURT has considered the pertinent portions of the record and is otherwise fully advised in the premises.

On December 30, 2015, the Court entered a Scheduling Order requiring the parties to file an interim Joint Status Report within 90 days of the date of the Court's Order, which would be March 30, 2016. D.E. 18. The parties failed to file their Interim Joint Status Report by this date, and accordingly, this Court issued an Order to Show Cause on March 31, 2016 to the parties as to why they failed to file a Joint Interim Status Report. D.E. 33. The Court required Plaintiff to show good cause as to why this case should not be dismissed for failure to comply with the Court's Order, and required Plaintiff to file the Interim Joint Status Report by April 6, 2016. To date, Plaintiff has failed to file a Joint Report. *Id.* In her Order, the Court forewarned that the failure to comply with the Court would result in the dismissal of this case without further notice.

Upon review of the docket, the Court notes that she has separately issued *four* Orders to Show Cause due to the parties' failure to comply with this Court's deadlines. At this stage, Plaintiff's failures to comply with the Court's Orders are blatant and entirely inexcusable. It is not the role of this Court to remind the parties as to each and every deadline. The Eleventh Circuit Court of Appeals has found that a district court does not abuse its discretion when it dismisses a case based on actions "which demonstrate[ ] a lack of diligence in prosecuting th[e] action or a failure to comply with [the Court's] obligations[.]" *Clark v. Keen,* 346 Fed.Appx. 441, 442 (11th Cir.2009). Plaintiff has continuously showed a lack of diligence in this case and has wholly failed to comply with this Court's obligations. Accordingly, it is hereby

ORDERED AND ADJUDGED that all pending claims against Defendants are DISMISSED. It is further

ORDERED AND ADJUDGED that this case is CLOSED for administrative purposes.

DONE AND ORDERED in Chambers at Miami, Florida, this 7th day of April, 2016.