[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11430
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00127-JRH-BKE


MARIA FOUNTAIN,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee,

JOHN M. MCHUGH, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(February 28, 2018)

Before ED CARNES, Chief Judge, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Maria Fountain, proceeding pro se, filed a Federal Tort Claims Act lawsuit against the government but failed to attend a court-ordered deposition. The district court dismissed her suit as a sanction under Federal Rule of Civil Procedure 37. She appeals that dismissal.

Fountain filed this suit in June 2014, alleging that the government negligently damaged her recreational vehicle. The court warned Fountain that it was her "duty to cooperate fully in any discovery that may be initiated by the [government]," and that "[u]pon being given at least five days' notice of the scheduled deposition date, [Fountain must] appear and permit her deposition to be taken." The court explained that failure to answer questions at the deposition would "not be tolerated and [might] subject [Fountain] to severe sanctions, including dismissal of this case." After granting Fountain's three unopposed motions to stay the proceedings because of her medical issues, the court set a discovery deadline for October 2, 2016.

The government emailed Fountain on July 8, 2016, to arrange a deposition between August 29 and September 16 in Savannah, Georgia. She replied several days later, stating that she would need about a week to do some research. On July 21 she informed the government that it had not complied with her discovery

2

requests because she could not print the documents off a compact disc the government provided to her.  The government told Fountain that it would try to send the documents in a different format.  It also reminded her that it had been two weeks since the email about scheduling a deposition and that if she did not identify a deposition date, then the government would pick one.  Fountain responded that she objected to the government's attempt to depose her because it had not provided her with the discovery information she requested.  On July 22 the government advised Fountain that she could not oppose a deposition on the ground that its discovery obligations remained unfulfilled, see Fed. R. Civ. P. 26(d)(3)(B), and gave her one last chance to identify a deposition date.  Fountain objected again on the ground that the government was not complying with its discovery obligations.

After Fountain did not identify a deposition date, on July 27 the government noticed the deposition for September 7 in Savannah.  Three weeks after receiving that notice, Fountain filed a motion seeking a protective order to stop the government from taking her deposition.  The court denied that motion on August 29, ruling that the discovery dispute did not bar the deposition and that Fountain had not shown good cause for why she could not travel from her home in El Paso, Texas, to Savannah.  It ordered her to attend the deposition.

The government emailed Fountain on September 1 to confirm that she would attend the deposition.  Fountain replied that she would not attend, claiming for the

3

first time that she had an upcoming surgery. The government reminded Fountain of the court's order but nevertheless offered to reschedule the deposition. Fountain emailed back, stating that she was "not able to respond to [the government's] requests . . . because [she was] running a fever and [had] the flu." The government pressed her for an answer, but on the afternoon of September 6 — one day before the deposition — Fountain told the government that she would review its offer the next morning. The government immediately emailed back telling Fountain that if she did not attend the deposition, it would file a motion for sanctions under Rule 37 and seek dismissal of her case and attorney's fees. Fountain replied several minutes later that she would not attend the deposition.

The government filed its Rule 37 motion on September 8, seeking dismissal of the case and $162.39 in attorney's fees. The district court referred that motion to a magistrate judge. The magistrate judge prepared a report recommending that the government's motion for dismissal be granted based on Fountain's bad faith refusal to comply with the court's order to attend the deposition. The report also recommended granting the government's motion for attorney's fees. The court adopted the report and recommendation, granted the government's motion for sanctions and attorney's fees, and dismissed the case. This is Fountain's appeal.

Rule 37(b)(2)(A)(v) permits courts to dismiss an action as a sanction for failing to obey a discovery order. Pro se litigants are subject to that rule. See

Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  "The standard of review for a Rule 37(b) dismissal is not whether the reviewing court would, as an original matter, have dismissed the action; it is whether the district court abused its discretion in dismissing the action."  Aztec Steel Co. v. Fla. Steel Corp., 691 F.2d 480, 481 (11th Cir. 1982).  Dismissal is inappropriate where "a party's failure to comply is due to inability rather than to willfulness, bad faith, or disregard of responsibilities."  Id.  Fountain contends that dismissal was inappropriate here because she acted in good faith in trying to comply with the court's deposition order.

The district court did not abuse its discretion in dismissing Fountain's suit. The court informed her that she must comply with the government's discovery requests, attend any depositions, and answer questions at her deposition.  It warned her that failing to cooperate could result in sanctions, including dismissal of her case.  See Moon, 863 F.2d at 837 ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").  The government gave Fountain plenty of notice about the deposition; it emailed her on July 8 to arrange a date between August 29 and September 16.  After Fountain repeatedly refused to identify an acceptable date, the government chose September 7, and the court ordered Fountain to attend the deposition.  When the government emailed her on

5

September 1 to confirm that she would attend, she claimed for the first time that a pending surgery prevented her from attending. Even when the government bent over backwards and offered to reschedule the deposition to accommodate her surgery, she responded by claiming that she was too sick to respond to the government's proposal. And she confirmed that she would not attend the deposition only hours before it was scheduled to begin.

Those facts indicate that Fountain willfully and repeatedly refused to comply with the discovery process and with the court's order to attend the deposition. See Aztec, 691 F.2d at 481 ("When a party demonstrates a flagrant disregard for the court and the discovery process . . . dismissal is not an abuse of discretion."). And they show that a lesser sanction would not have been effective. See id. at 481–82 (stating that we must consider "whether a less drastic but equally effective remedy could have been fashioned"). The record supports the court's findings that Fountain "knowingly and willfully failed to comply with court ordered discovery" and that any "sanctions less severe than dismissal would [have been] ineffective" to secure compliance. Id. As a result, the court did not abuse its discretion in dismissing Fountain's suit.[1]

_____

[1] Fountain argues that the court denied her due process when it denied her motion for a protective order without considering her reply brief, but she did not follow the local rules by immediately notifying the court of her intent to file a reply brief. See S.D. Ga. Local Rule 7.6. She argues that she notified the court by telephone, but there is no record evidence to support

**AFFIRMED.**

that argument and, in any event, it comes too late because she raises it for the first time in her reply brief to this Court.  <u>See</u> <u>Sapuppo v. Allstate Floridian Ins. Co.</u>, 739 F.3d 678, 683 (11th Cir. 2014) ("We decline to address an argument advanced by an appellant for the first time in a reply brief.") (quotation marks omitted).  And nothing in the record supports her assertions that the government filed its motion for sanctions to circumvent the discovery process, that the court failed to consider her objections to the report and recommendation, and that the court did not take her disability into account in rejecting a less drastic remedy.