[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13954
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-23204-JLK


NAJIB MALIK,

Plaintiff-Appellant,

versus

WEXFORD HEALTH SERVICES, INC.,

Defendant,

DORA GAXIOLA,
Chief Health Officer at Everglades Correctional Institution
who superseded in the place of Carl Balmir,
OSCAR ORTEGA,
Medical Doctor at Everglades Correctional Institution,
MARIA LOUISSAINT,
A.R.N.P., at Everglades Correctional Institution,
RICK ROWE,
Everglades Correctional Institution, sued in their individual and official capacity,
DANIEL L. CONN,
Wexford Health Serv. Inc., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 14, 2019)

Before MARTIN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Najib Malik, a Florida prisoner proceeding *pro se*, appeals the district

court's dismissal of his complaint with prejudice and denial of his Fed. R. Civ. P.

60 motion for reconsideration.  First, he argues that the district court abused its

discretion in dismissing his complaint for his failure to participate in his deposition

because he did not act in bad faith.  Second, he contends that the district court

abused its discretion in denying his motion for reconsideration because he showed

that he had kidney failure and was not feigning illness at his deposition.  Finding

no abuse of discretion by the district court, we affirm.

**I**

We review a district court's dismissal under Fed. R. Civ. P. 37(b) for abuse

of discretion.  *See Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481 (11th Cir.

1982).  If a party fails to obey an order to provide or permit discovery, a district

court may impose a variety of penalties, including dismissal of the action in whole

or in part.  *See Tobinick v. Novella*, 848 F.3d 935, 949 (11th Cir.), *cert. denied*, 138

2

S. Ct. 449 (2017); Fed. R. Civ. P. 37(b).  A district court may dismiss an action when a party displays "willfulness, bad faith[,] or disregard of responsibilities" or "flagrant disregard for the court and the discovery process." *Aztec Steel*, 691 F.2d at 481.  In reviewing the district court's decision, we consider "whether a less drastic but equally effective remedy could have been fashioned." *Id.* at 481–82.  That being said, "[t]he standard of review for a Rule 37(b) dismissal is not whether the reviewing court would, as an original matter, have dismissed the action; it is whether the district court abused its discretion in dismissing the action." *Id*. at 481.

Here, the district court did not abuse its discretion in dismissing Malik's complaint with prejudice.  After the court allowed Malik two years and four attempts to file a properly-pleaded complaint, Malik failed to meaningfully participate in his deposition, even after the district court warned him that his failure to do so could "result in the imposition of sanctions, including dismissal of [his] action."  Specifically, Malik refused to answer counsel's questions early in the deposition, including in the following exchanges:

> Stinson:  Is Defendant's Exhibit Number 40 a refusal of all medical services?
>
> Malik:  I'm not going to answer no more about this refusal, please.  You need to move onto something else.
>
> &ast; &ast; &ast;
>
> Stinson:  Is Defendant's Exhibit Number 41 a refusal of an increase or change of hypertension medication?

3

| Malik: | I'm not going to answer that. |
| Stinson: | This will be the last time that I ask you this question, Mr. Malik? |
| Malik: | Yes, ma'am. |
| Stinson: | For the third time, is Defendant's Exhibit Number 41 a refusal of an increase or change of hypertension medication? |
| Malik: | No, I'm not going to answer that, ma'am. |

Soon after these responses, Malik began complaining that he was experiencing chest tightness and informed counsel that he was "burning up with a fever." Counsel then ended the deposition.

After the failed deposition, the defendants moved to dismiss the case for Malik's failure to participate in discovery. In support of their motion, the defendants provided an affidavit by Dr. Maier, a Florida Department of Corrections physician, stating that Malik's medical records showed that, although he had reported to the nurse on the morning of his deposition, his vital signs had been normal and there were no signs of respiratory distress or fever. Dr. Maier also stated that, although Malik complained of various medical conditions in the days following the deposition, his vital signs were consistently normal and he did not have a temperature.

4

The magistrate judge determined that, given Malik's initial resistance to the deposition and his subsequent behavior at the deposition, he had attempted "to derail the Defendants' efforts to conduct discovery and prepare the case for dispositive resolution" and "to hinder and/or otherwise impede the discovery process." The magistrate judge recommended that the case be dismissed under Fed. R. Civ. P. 37, and the district court agreed.

Although dismissal is a harsh remedy, our review does not extend to whether we would, as an original matter, have dismissed this action but only to whether the district court abused its discretion in so doing. The record in this case does not indicate that the district court abused its discretion in determining that, by refusing to cooperate in his deposition, Malik displayed "flagrant disregard for the court and the discovery process." *Aztec Steel*, 691 F.2d at 481. Accordingly, we affirm as to this claim.

## II

We also review the denial of a Fed. R. Civ. P. 60 motion for relief from judgment for abuse of discretion.[1] *Kolawole v. Sellers*, 863 F.3d 1361, 1366 (11th

---

[1] Although Malik's brief does not clearly challenge the district court's denial of his motion for reconsideration, it does argue that the district court should not have dismissed the case because of his (later-discovered) kidney problems. We liberally construe this argument as challenging the denial of his motion for reconsideration for newly discovered evidence. *United States v. Hung Thien Ly*, 646 F.3d 1307, 1316 (11th Cir. 2011) ("[W]e read *pro se* briefs liberally to ensure that such litigants do not, through their ignorance of legal terminology, waive claims.").

Cir. 2017). Rule 60 provides that a district court may relieve a party from a final judgment for, among other things, newly discovered evidence. *See* Fed. R. Civ. P. 60(b)(2). To obtain relief on this ground, a plaintiff must show that: (1) the evidence is newly discovered; (2) he exercised due diligence to discover the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence would likely change the outcome. *See Waddell v. Hendry Cty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003).

The district court did not abuse its discretion in denying Malik's motion for reconsideration. Malik's objection to the magistrate judge's Report and Recommendation was supported only by his bare allegation that he had recently been diagnosed with kidney failure. Although Malik attached lab results with certain numbers circled to his objections, he did not in any way explain the numbers, nor did he produce any documents showing that he had kidney failure.[2] Accordingly, Malik did not demonstrate that the evidence was material or would

---

[2] Malik also argues that the district court abused its discretion in imposing monetary sanctions against him because he was indigent and did not have the ability to pay. Because Malik did not object to the defendants' motion for monetary sanctions before the district court and raises this issue for the first time on appeal, this argument is likely abandoned. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). In any event, our precedent does not prohibit the imposition of sanctions against a *pro se* litigant proceeding in forma pauperis. *See, e.g.*, *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("If a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant. Courts can assess costs and monetary sanctions against IFP litigants.").

change the outcome of the case and the district court did not abuse its discretion in

denying his motion.

**AFFIRMED.**